TEXACO, INC., a Delaware corporation, Plaintiff,

v.

PHOENIX STEEL CORPORATION, a Delaware corporation, and Allied Chemical Corporation, a New York corporation, Northern Delaware Industrial Development Corporation, a Delaware corporation, and Farmers Bank of the State of Delaware, Defendants.

Court of Chancery of Delaware, New Castle.

March 24, 1970.

**524**

James M. Tunnell, Jr., and Paul P. Welsh, of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff.

Ernest S. Wilson, Jr., and William J. Alsentzer, Jr., Wilmington, for defendants Phoenix Steel Corp. and Northern Delaware Industrial Development Corp.

William Poole, of Potter, Anderson & Corroon, Wilmington, for defendant Allied Chemical Corp.

Henry M. Canby and Martin I. Lubaroff, of Richards, Layton & Finger, Wilmington, for defendant Farmers Bank of State of Delaware.

DUFFY, Chancellor:

The question for decision is whether plaintiff, Texaco, Inc. (Texaco), is entitled to production by defendant Phoenix Steel Corporation (Phoenix), of an opinion letter of counsel and a memorandum prepared by house counsel.[1]

**I**

The first document is a letter opinion dated February 6, 1956, by E. N. Carpenter, II, of the law firm of Richards, Layton & Finger, Wilmington, relating to title to certain subaqueous land and sent to Colorado. Defendant argues that the document is not discoverable because it is protected by attorney-client privilege.

Attorney-client privilege is established law in Delaware, not by statute but by application of common law principles. As Judge Rodney observed in Wise v. Western Union Telegraph Co., 36 Del. 456, 178 A. 640 (1935), "Documents are privileged which pass directly between a client and an attorney * *."[2] But this requires further definition because not every such document is privileged. The requisites of privilege are those stated by Judge Wyzanski in United States v. United Shoe Machinery Corporation, 89 F.Supp. 357 (D.Mass.1950), an opinion which is now regarded as landmark:

"The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communciation is acting as a lawyer; .(3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers .(c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client."[3]

---

1. The documents were prepared for Colorado Fuel & Iron Corporation (Colorado), which was, apparently, a predecessor of Phoenix; counsel have proceeded here on the premise that Phoenix is entitled to assert whatever privilege was available to Colorado and I make the same assumption.

2. The ruling in *Wise* was approved by the Supreme Court in Graham v. Allis Chalmers Manufacturing Company, 41 Del. Ch. 78, 188 A.2d 125 (1963).

3. See also, International Business Machines Corp. v. Sperry Rand Corp., 44 F.R.D. 10 (D.Del.1968) ; Sperti Products, Inc.

■ I am satisfied that for present purposes the Richards, Layton & Finger opinion letter meets all of these tests and an elaborate statement of why is unnecessary. It is sufficient to say that the key inquiry here is whether the communication relates to a fact of which Mr. Carpenter was informed by Colorado. I think that requirement has been met, because the opinion letter at the very beginning refers to a memorandum of January 19, 1956 from Colorado which was supplemented by a letter of February 2, 1956. While the first of these has not been disclosed to the Court (I understand it cannot be found), the opinion "reflects" information provided by the second, 97 C.J.S. Witnesses § 283j, and a reasonable inference is that the opinion relates to a fact disclosed by the client in the first memorandum. The disclosures involved relate not merely to title documents in public records but also to a claim of ownership by the State of Delaware and Colorado's plan for use of the land.

I conclude that Mr. Carpenter's opinion letter was privileged and I now turn to Texaco's contention that privilege was waived.

■ An attorney-client privilege may be waived by the public disclosure of information that was formerly confidential. International Business Machines Corp. v. Sperry Rand Corp., supra. And, of course, the privilege belongs to the client and only he may waive it. But once there has been disclosure to an outsider by the client or by the attorney with the client's authority, the privilege has been waived. Connecticut Mutual Life Insurance Co. v. Shields, 18 F.R.D. 448 (S.D.N.Y.1955).

■ To the extent that Phoenix's argument against waiver is based upon a con-

tention that it had consulted counsel about acquiring title to the subaqueous land, that disclosure was waived, clearly, when Mr. Carpenter communicated with Senator Walter Hoey about special legislation which would authorize State sale of the land to Colorado.[4] And to the extent that Phoenix relies upon a contention that the opinion reflects a disclosure to counsel of intended use of the property, that information was waived by plaintiff's production in this case (PX–15) in and by the deposition of P. Otis Zwissler, who testified without objection as to much of this. And he was the person in Colorado to whom the letter opinion was directed. In short, on these two points Mr. Carpenter's opinion reflects facts disclosed in confidence by Colorado, but those disclosures have been made public in one way or another and thus an effective waiver has resulted.

Other parts of the opinion relate to the procedure to be followed in securing title and quite clearly do not reflect "facts" laid before the attorney in confidence. For this reason they are not entitled to privilege independent of the remainder of the letter.

II

The second document sought by Texaco is a memorandum dated February 10, 1956, from Mr. Zwissler to eight persons in the management of Colorado and to Mr. Carpenter; the memorandum transmitted a copy of the opinion and made additional comments. At the time Mr. Zwissler was a member of the Bar of this State and was the only attorney employed by Colorado in Delaware.

■ Assuming without deciding that attorney-client privilege is applicable in Delaware to house counsel, American Cyanamid Company v. Hercules Powder

---

v. Coca-Cola Company, 262 F.Supp. 148 (D.Del.1966); Zenith Radio Corp. v. Radio Corporation of America, 121 F. Supp. 792 (D.Del.1954); Tobacco and Allied Stocks v. Transamerica Corp., 16 F.R.D. 534 (D.Del.1954).

4. Waiver was probably effective before Mr. Carpenter wrote to Senator Hoey on August 15, 1957.

Company, 211 F.Supp. 85 (D.Del.1962), it certainly does not follow that every document handled by such counsel is privileged. As Chief Judge Hastings said in Radiant Burners, Inc. v. American Gas Association, 320 F.2d 314 (7 Cir.), cert. denied 375 U.S. 929, 84 S.Ct. 330, 11 L.Ed.2d 262 (1963):

> "Certainly, the privilege would never be available to allow a corporation to funnel its papers and documents into the hands of its lawyers for custodial purposes and thereby avoid disclosure. Likewise, it seems well settled that the requisite professional relationship is not established when the client seeks business or personal advice, as opposed to legal assistance."

Whether Mr. Zwissler was acting as an attorney in processing the papers is a question of fact, American Cyanamid Company v. Hercules Powder Company, supra, and it is beyond doubt that, as established by his own testimony taken in this case, he was not in any respect acting as counsel with regard to the memorandum in question. Accordingly, I find as a fact that in connection with this communication Mr. Zwissler was not acting as a lawyer and I conclude as a matter of law that the privilege therefore does not apply.

Order on notice.