Gabrielli, J.
This case concerns the construction and application of CPL 640.10 (subd 3), the "Uniform Act To Secure Attendance Of Witnesses From Without The State In Crimi *620 nal Cases.”[1] We have not previously had occasion to construe and apply this statute which has now been enacted by some 47 States and the District of Columbia. The "Uniform Act” enables a State to secure the attendance of witnesses who are not located within its borders and are, hence, immune to its normal subpoena power. Defendant contends that he was denied the right to secure compulsory attendance of witnesses on his behalf, given to him by the Sixth Amendment of the United States Constitution and held applicable to the States through the due process clause of the Fourteenth Amendment in Washington v Texas (388 US 14, 17-19); and he asserts that this right has been violated because the Judge at his pretrial confession suppression hearing refused to utilize the procedures set forth in the "Uniform Act” to compel a Maryland State trooper to testify at the hearing.
The defendant pleaded guilty to the charge of robbery in the second degree (Penal Law, § 160.10) after the court determined, following a hearing, that statements made to New York State Police investigators at the Washington County Jail in Hagerstown, Maryland, were voluntarily made upon a waiver of his right to admonitions before interrogation. The Appellate Division unanimously affirmed the conviction. At the suppression hearing, the prosecution produced Investigator Anderson of the New York State Police, who had conducted the interrogation of defendant; another New York State Police officer who was also present during defendant’s interrogation, Senior Investigator Capozzi, although available to the defendant, was not called upon to testify, but his testimony at a suppression hearing for defendant’s brother arising out of the same charge was made available to the defendant. Defendant’s counsel then sought to compel the attendance of a Maryland State trooper, Officer Miles, who was alleged to have been present during the defendant’s questioning in the Maryland jail. The Judge found that *621 Trooper Miles’ testimony would not be "of any determinative value to this proceeding”, since he did not participate in the questioning of defendant but was merely "in and out” of the room in which defendant was being held, and denied the application for a certificate pursuant to CPL 640.10 (subd 3).
It should be noted, prefatorily, that a State is not constitutionally required by the Sixth Amendment guarantee of compulsory process to compel the attendance of witnesses beyond its jurisdiction over whom it has no subpoena power.[2] Thus, while the constitutionality of the "Uniform Act” has been upheld (New York v O’Neill, 359 US 1), the "Act” is clearly not constitutionally mandatory (see People v Carter, 37 NY2d 234, 240; People v Cavanaugh, 69 Cal 2d 262; State v Blount, 200 Ore 35; State v Smith, 87 NJ Super 98). The "Uniform Act” has been sustained against the claim that, by requiring the Judge to pass upon the issue of a witness’ materiality, it constitutes a violation of due process and a denial of a fair trial (Glynn v Donnelly, 360 F Supp 214, petition den 485 F2d 692, cert den 416 US 957). It is important to note, therefore, that we are not here faced with a question of constitutional dimension but, rather, one of statutory construction. Hence, we must determine whether the defendant was entitled under the "Act” to have the Trial Judge issue a certificate calling for the attendance of Trooper Miles at his Hun tley hearing.
The "Uniform Act” is a reciprocal act and is operative only among States which have adopted it. Section 5 of the act (CPL 640.10, subd 5) emphasizes that, as a uniform act, it should be applied uniformly in the jurisdictions in which it has been adopted.[3] It has consistently been held that, in order to be entitled to the issuance of compulsory process under the "Act”, the court of the "requesting” State must determine whether the witness sought is "material” (People v Cavanaugh, 69 Cal 2d 262, supra; People v Nash, 36 Ill 2d 275, cert den 389 US 906; Midgett v State, 223 Md 282; State v Fouquette, 67 Nev 505, cert den 341 US 932; State v Blount, 200 Ore 35, supra; State v Emrick, 129 Vt 475; State v Manee, *622 7 Ariz App 269; State v Smith, 87 NJ Super 98, supra; Ann., 44 ALR2d 732-739; cf. Glynn v Donnelly, 360 F Supp 214, supra; Matter of Stamler [Costello], 279 App Div 908).
Unsupported statements that the witness is material or necessary are not sufficient to require the Trial Judge to grant an application under CPL 640.10 (subd 3). The party who seeks to secure the presence of an out-of-State witness should present evidence in the form of an affidavit of the witness or otherwise show that the testimony of the desired witness is material and necessary (State v Blount, supra; cf. Matter of Stamler, supra). Indeed, it is established that the burden of showing materiality is upon the party seeking to compel the attendance of an out-of-State witness (People v Cavanaugh, supra; State v Blount, supra; State v Emrick supra; People v Newville, 220 Cal App 2d 267; State v Smith, supra); and in respect of materiality, we think it must be demonstrated by the defendant that the testimony of the witness sought to be subpoened is relevant, admissible and of significance to his case. We do not think it unfair to impose upon a defendant such a burden because his right to secure witnesses must be balanced against the rights of the witness whose presence would be compelled. The process for securing the presence of an out-of-State witness has been termed "drastic” because it represents an incursion upon the liberty of a prospective witness, who, although accused of no crime or wrongdoing, is required to attend a criminal proceeding in another State (cf. State v Emrick, supra). Two Judges of the United States Supreme Court thought this incursion so "serious that they concluded the "Uniform Act” was unconstitutional (New York v O’Neill, 359 US 1, supra, dissenting opn per Douglas, J., Black, J., concurring). While we do not subscribe to this view, we do hold that the burden of proof of materiality should rest upon the party seeking to obtain the benefit of compulsory process for an out-of-State witness under the "Uniform Act”.
Turning to the facts of the instant case, we cannot conclude that defendant has met this burden. He has made only an unsupported statement that there were discrepancies between the testimony of Investigator Anderson and Senior Investigator Capozzi who testified at his brother’s Huntley hearing. For this reason, he claims that the testimony of Trooper Miles is necessary and material to his contention that the statements made to the New York police officials were involuntary. However, the defendant has made no attempt to point out the *623 claimed discrepancies and made no effort to call Investigator Capozzi to testify at his Huntley hearing. Surely, it would have been facile for him to establish the materiality of Officer Miles and further his own defense by calling Investigator Capozzi and eliciting the allegedly inconsistent testimony. Moreover, the Judge found that Officer Miles was not present during the questioning but was "in and out” of the room in which the questioning took place and did not observe any significant portion of the questioning.
A request that the Trial Judge issue a certificate pursuant to CPL 640.10 (subd 3) seeking the compulsory attendance of a witness in another State is addressed to the discretion of the Trial Judge (People v Cavanaugh, 69 Cal 2d 262, supra; State v Manee, 7 Ariz App 269, supra; State v Smith, 87 NJ Super 98, supra; cf. People v Carter, 37 NY2d 234, 238, supra). In light of the circumstances of this case, it cannot be said that the Trial Judge acted arbitrarily and capriciously in denying defendant’s request, and in the absence of an abuse of discretion we may not overturn his determination of nonmateriality (see People v Carter, supra, p 238; Cohen and Karger, Powers of the New York Court of Appeals [rev ed], §§ 158, 198, pp 614-616, 745).
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler and Fuchsberg concur; Judge Cooke taking no part.
Order affirmed.

. In pertinent part, the statute provides: "3. Witness from another state subpoenaed to testify in this state. If a person in any state, which by its laws has made provision for commanding persons within its borders to attend and testify in criminal prosecutions, or grand jury investigations commenced or about to commence, in this state, is a material witness in a prosecution pending in a court of record in this state, or in a grand jury investigation which has commenced or is about to commence, a judge of such court may issue a certificate under the seal of the court stating these facts and specifying the number of days the witness will be required. This certificate shall be presented to a judge of a court of record in the county in which the witness is found.”

. It would be a different issue, of course, arising under the "confrontation clause” of the Sixth Amendment, if the State sought to use the prior testimony of a purportedly "unavailable” witness against the defendant (see Barber v Page, 390 US 719).

. CPL 640.10 (subd 5) provides: "This section shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of the states which enact it.”