(No. 48490.—

*In re* CARRIE ADAMS, Contemnor-Appellant.—(The People of the State of Illinois, Appellee, v. Carrie Adams, Appellant.)

*Announced June 25, 1976.—Opinion filed October 1, 1976.*

George J. Cotsirilos and S. Jack Micheletto, of George J. Cotsirilos & Associates, Ltd., of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Larry L. Thompson, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

Respondent, Carrie Adams, appeals from a judgment of the circuit court of Cook County finding her in direct contempt of court for failing to obey a summons issued pursuant to the Uniform Act to secure the Attendance of

Witnesses from Within or Without a State in Criminal Proceedings (Ill. Rev. Stat. 1975, ch. 38, par. 156—1 *et seq.*, hereinafter referred to as the Uniform Act). The appeal has been taken directly to this court pursuant to our Rule 302(b). (58 Ill. 2d R. 302(b).) The sole issue is whether respondent is a material and necessary witness to the New Jersey grand jury proceedings for which her appearance is sought. The circuit court found respondent to be a material and necessary witness as required by the Uniform Act, and we affirmed that decision from the bench following oral argument. We set forth herein the reasons for the affirmance.

A certificate was filed in the circuit court of Cook County executed by a judge of the Superior Court of New Jersey which stated that Carrie Adams was a necessary and material witness for a grand jury investigation in New Jersey. This initial certificate was held insufficient to support a finding that respondent was a necessary and material witness. The circuit court therefore quashed issuance of the summons, but allowed the State of New Jersey additional time to file an amended certificate. An amended certificate was filed, and after a hearing the circuit court determined that a summons should issue. Upon respondent's refusal to comply with the summons, she was found to be in direct contempt of court.

The amended certificate of the New Jersey judge stated that a grand jury was investigating that State's Medicaid program. The grand jury had learned that David Schwartz was the owner of a convalescent home in New Jersey and a similar facility in Illinois. Records indicate that Schwartz had flown to Chicago several times over an eight-month period, and that the charges for these flights were eventually billed to the New Jersey Medicaid Program. The New Jersey judge further stated that if the flights were undertaken for purposes of Schwartz' Chicago business they were not legally chargeable to the Medicaid program and Schwartz was in violation of New Jersey law.

Two paragraphs of the amended certificate connected respondent to the subject of the grand jury investigation.

"(a) Mrs. Adams stated that David Schwartz is the owner of Vincennes Manor, [the Illinois facility,] and has averaged one week a month at Vincennes Manor on Vincennes Manor business since the fall of 1971. Mrs. Adams stated that she saw and spent time with David Schwartz when he was in Chicago. Among other things, David Schwartz when at Vincennes Manor looks around the facility, consults with her on the facility's problems and contemplated major expenses, and attempts to determine whether the facility is operating properly. Mrs. Adams stated that Vincennes Manor and the Senator Convalescent Center Corporation [the New Jersey facility] are not connected in any way, and that as far as she knows, when David Schwartz is in Chicago, he conducts business only for Vincennes Manor and not for the Senator Convalescent Center Corporation.

* * *

(f) Mrs. Adams' testimony would be material on the issue of David Schwartz' activity in Chicago. If such activity were not connected with the Senator Convalescent Center Corporation, then the Grand Jury could conclude that inclusion of the Chicago flights on the fiscal year 1974 cost study was fraudulent and in violation of N.J.S.A. 30:4D–17, a criminal statute. As Mrs. Adams is Administrator of Vincennes Manor, she is the only witness known to the State of New Jersey competent to testify as to David Schwartz' activities at Vincennes Manor."

In addition to the amended certificate, a supplemental petition was filed by the deputy attorney general of New Jersey who was in charge of the grand jury investigation. This petition stated that respondent had told the deputy attorney general that she was the administrator of Schwartz' Chicago nursing home and that she was responsible for its day-to-day operations. The petition also related that arrangements had been made to take a sworn statement from respondent in Chicago, but that she had eventually decided not to speak with the investigator on the advice of Schwartz' New Jersey counsel.

The Uniform Act has been adopted in almost all the jurisdictions in this country. (See table preceding Ill. Ann. Stat., ch. 38, par. 156—11 (Smith-Hurd 1976-1977 Supp.).) Section 2 of the Uniform Act (Ill. Rev. Stat. 1975, ch. 38, par. 156—2) describes the procedure for summoning a witness in this State to testify in another jurisdiction.

> "If a judge of a court of record in any state which by its laws has made provision for commanding persons within that state to attend and testify in this state certifies under the seal of such court that there is a criminal prosecution pending in such court, or that a grand jury investigation has commenced or is about to commence, that a person being within this state is a material witness in such prosecution, or grand jury investigation, and his presence will be required for a specified number of days, upon presentation of such certificate to any judge of a court in the county in which such person is, such judge shall fix a time and place for a hearing, and shall make an order directing the witness to appear at a time and place certain for the hearing.
>
> If at a hearing the judge determines that the witness is material and necessary, *** he shall issue a summons, with a copy of the certificate attached, directing the witness to attend and testify in the court where the prosecution is pending, or where a grand jury investigation has commenced or is about to commence at a time and place specified in the summons. In any such hearing the certificate shall be prima facie evidence of all the facts stated therein." Ill. Rev. Stat. 1975, ch. 38, par. 156—2.

In summary, the statute contemplates that there be a certification from a judge of the requesting State and that a hearing be held by a judge of a court of this State to determine if the witness is material and necessary. It is the judge of this State who must make this determination, which must be supported by facts presented to him. The statute provides that a certificate from the requesting State shall be "prima facie evidence of all the facts stated therein." A recitation of conclusions in the certificate will not support a finding that a witness is "material and

necessary." If the facts certified are not sufficient, then the determination must be supported by other facts in evidence. *In re Grothe* (1965), 59 Ill. App. 2d 1.

In this case, as in *Grothe,* the judge in Illinois found that the original certificate from the judge of the requesting State was not sufficient to support a finding that the witness was material and necessary. In both cases the Illinois judge authorized the requesting State to amend the certificate. We have noted above the facts certified in the amended certificate in this case and the facts contained in other documents presented to the judge below.

We reject respondent's contention that no adequate showing of materiality was made in the circuit court. The theory of the New Jersey judge's request for respondent's testimony is quite simple. Respondent's employer will be found in violation of New Jersey law if it is determined that he charged flight expenses incidental to his Chicago business to the New Jersey Medicaid subsidy program. Respondent, as a day-to-day administrator of the Chicago nursing home, has knowledge of her employer's activities when he came to Illinois, and has stated to New Jersey investigators that much of his time was spent supervising the Chicago facility. This testimony is clearly material in determining the crucial issue before the grand jury—the purpose of Schwartz' flights to Chicago. We conclude that the facts contained in the amended certificate established that respondent's testimony was material to the New Jersey grand jury proceedings.

Respondent also challenges the lower court's finding that she is a necessary witness as required by the Uniform Act. In support, respondent first contends that the executive director of the Chicago nursing home is in a superior position to testify as to Schwartz' activities in Chicago. This argument apparently ignores the fact that respondent led New Jersey authorities to believe that she is responsible for the day-to-day operation of the nursing home, and that she is the employee with whom Schwartz

confers when in Chicago. We, therefore, find this contention to be without merit. Secondly, respondent argues that her testimony could be related to the grand jury by the New Jersey authorities with whom she spoke, since hearsay is permissible in grand jury proceedings, and that, therefore, her testimony is not necessary. We find no merit in this argument.

In our view, acceptance of this second contention would effectively eliminate the utility of the Uniform Act where the witness' appearance is sought for a grand jury inquiry. The fact that a grand jury may receive hearsay testimony does not require that the State must use such testimony when more competent evidence is at hand. We, therefore, conclude that the judge's finding that respondent is both a necessary and a material witness to the grand jury proceedings for which her testimony is sought did not constitute an abuse of discretion.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*