IN THE MATTER OF THE PETITION OF THE STATE OF
DELAWARE

(PEOPLE v MARCY)

Docket No. 78-1636. Submitted March 7, 1979, at Detroit.—Decided
July 23, 1979. Leave to appeal applied for.

The State of Delaware instituted proceedings, under the Uniform
Act to Secure the Attendance of Witnesses from Without a
State in Criminal Proceedings, seeking an order to compel
Lynn P. Marcy, a licensed polygraph examiner, to appear as a
witness before a grand jury in a criminal investigation in
Delaware. Marcy opposed the petition filed by the State of
Delaware, claiming that any information which he possessed
regarding the case in question was privileged under either the
statutory privilege regarding polygraph examiners or the attor-
ney-client privilege. The Wayne Circuit Court, Richard D.
Dunn, J., denied the petition on the basis of privilege. The
prosecuting attorney, representing the petitioner, appeals by
leave granted. *Held:*

The testimony sought by the Delaware grand jury concerned
information which had been obtained by Marcy while conduct-
ing a polygraph examination at the request of an attorney in
the course of providing legal advice and assistance to a client.
The information was privileged, both under the statute regard-
ing polygraph examiners and under the attorney-client privi-
lege. Because the information is privileged, Marcy would not be
able to testify in Delaware, and the petition was properly
denied.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 345, 348.
  73 Am Jur 2d, Statutes §§ 283, 284.
  81 Am Jur 2d, Witnesses § 8.
  Uniform Act to secure attendance of witnesses from without a state
    in criminal proceedings. 44 ALR2d 732.
[2] 29 Am Jur 2d, Evidence § 831 (supp).
  81 Am Jur 2d, Witnesses §§ 141, 144.
[3] 21 Am Jur 2d, Criminal Law §§ 345, 348.
  81 Am Jur 2d, Witnesses §§ 8, 141, 144.
  Uniform Act to secure attendance of witnesses from without a state
    in criminal proceedings. 44 ALR2d 732.

1. WITNESSES — CRIMINAL LAW — STATUTES — UNIFORM ACT TO
      SECURE WITNESSES.

    The Uniform Act to Secure the Attendance of Witnesses from
    Without a State in Criminal Proceedings, because it authorizes
    a drastic infringement upon the liberty of a witness, must be
    strictly construed to prevent injustice (MCL 767.91 *et seq.;* MSA
    28.1023[191] *et seq.).*

2. WITNESSES — CRIMINAL LAW — POLYGRAPH EXAMINERS — PRIVI-
      LEGE — STATUTES.

    Information obtained by a polygraph examiner during an exami-
    nation conducted at the request of an attorney in the course of
    providing legal advice and assistance to a client is subject to a
    statutory privilege which applies to polygraph examiners, and
    is protected by the common-law attorney-client privilege as well
    (MCL 338.1728; MSA 18.186[28]).

3. WITNESSES — CRIMINAL LAW — STATUTES — UNIFORM ACT TO
      SECURE WITNESSES — PRIVILEGE.

    A circuit court properly denied a petition of a foreign state
    seeking to secure the attendance of a witness before a grand
    jury in that state where the testimony sought from the witness
    is privileged and not admissible into evidence; a witness whose
    testimony is privileged is not a material and necessary witness
    within the meaning of the Uniform Act to Secure the Attend-
    ance of Witnesses from Without a State in Criminal Proceed-
    ings (MCL 767.91 *et seq.;* MSA 28.1023[191] *et seq.).*

*William L. Cahalan,* Prosecuting Attorney, *Ed-
ward R. Wilson,* Principal Attorney, Appeals, and
*Timothy A. Baughman,* Assistant Prosecuting At-
torney, for petitioner.

*Lippitt, Harrison, Perlove, Friedman & Zack* (by
*Robert S. Harrison* and *Bernard Feldman),* for
Lynn P. Marcy.

Before: N. J. KAUFMAN, P.J., and T. M. BURNS
and R. M. MAHER, JJ.

R. M. MAHER, J. The Wayne County Prosecutor
appeals by leave of this Court from the denial by
Wayne County Circuit Judge Richard D. Dunn of

an order to compel the attendance of Lynn P. Marcy as a witness at a grand jury investigation in the State of Delaware. Marcy cross appeals.

Delaware sought the assistance of the courts of Michigan under the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings, enacted in Michigan as MCL 767.91-767.95; MSA 28.1023(191)-28.1023(195), and in Delaware as title 11, Del Code §§ 3521-3526. The part of the act which is material to this case is MCL 767.92; MSA 28.1023(192), which provides in part:

"(1) A judge of a court of record in a state which by law has provided for commanding persons within that state to attend and testify in this state may certify under seal of his court that for purposes of a criminal prosecution in his court or a grand jury investigation in his state, a person in this state is required as a material witness for a specified number of days.

"(2) Upon presentation of a certificate issued pursuant to subsection (1) to a judge of a court of record in a county where such witness is found, the judge shall fix a time and place for a hearing and make an order directing the witness to appear at the hearing. At such hearing the certificate shall be prima facie evidence of all the facts stated therein.

"(3) The judge shall issue a summons with a copy of the certificate attached directing the witness to attend and testify in the court where the criminal prosecution is pending or a grand jury is investigating if he determines at the hearing that:

"(a) The witness is material and necessary to the prosecution or investigation.

"(b) The attendance and testifying in the prosecution or investigation will not cause undue hardship to the witness.

"(c) The laws of the state where the prosecution or investigation is being held and the laws of any other state through which the witness may be required to pass by ordinary course of travel protect the witness from arrest and service of civil or criminal process."

Pursuant to the statutory provision quoted above, the Superior Court for Kent County, Delaware, issued a certificate stating that Marcy is a material witness in the grand jury investigation into the death of Sarita Ann Hughes. The certificate, along with affidavits attached thereto, was duly presented to Judge Dunn of Wayne County Circuit Court. Marcy filed an answer in opposition with supporting affidavits, and a hearing was held before Judge Dunn on February 1, 1978. No testimony was taken at the hearing, but oral argument was heard on behalf of both petitioner and respondent. Following argument, the court denied the petition, and an order was entered to that effect. This appeal by the prosecutor, on behalf of the petitioner, ensued.

The events which precipitated the conflict out of which this appeal arises began with the murder of Sarita Ann Hughes in Milford, Delaware, on August 31, 1976.[1] Mrs. Hughes' husband, Robert, was a suspect, but was apparently not prosecuted because of lack of evidence. Thereafter, on October 1, 1976, respondent Lynn P. Marcy conducted a polygraph examination of Robert D. Hughes at the request of Hughes' Delaware attorney, Jack R. Dunlap. The examination was conducted at Marcy's Dearborn, Michigan, offices.[2] Marcy told Hughes prior to the examination that any communications made therein were confidential and would be disclosed only to Hughes' attorney.

On July 20, 1977, Marcy was a guest lecturer at a polygraph training course in Chicago attended

---

[1] The facts set forth herein are taken from the affidavits filed in the court below. For purposes of this appeal, uncontroverted allegations in the affidavits are taken as true.

[2] The time, place and circumstances of the polygraph examination were stipulated to by the parties, pursuant to the order of this Court granting leave to appeal.

by John P. Bisbee, a Delaware State Police Officer. According to the affidavit of Officer Bisbee, Marcy distributed polygraph charts and background information sheets relating to homicide cases in which Marcy had allegedly obtained confessions. One of the charts was for Robert D. Hughes, whose name and date of birth, along with the name and date of birth of his wife, were on the background sheet. Officer Bisbee alleged that he detected "falsehoods on the part of Robert D. Hughes concerning * * * his involvement in the death of his wife". Bisbee asked Marcy about the chart, and was allegedly told, "This is the guy who killed his wife". Marcy, in his affidavits, denied having said that he obtained a confession from Hughes or that Hughes killed his wife.

Upon returning to Delaware, Bisbee informed his superiors of the events in Chicago. Eventually, the Delaware Attorney General's office contacted Marcy, asking him to reveal any information in his possession regarding the murder of Sarita Hughes. When Marcy refused on grounds of privilege, Delaware instituted proceedings under the uniform act.

In his answer in opposition to the petition filed by Delaware, Marcy alleged, *inter alia,* that any information in his possession regarding the Hughes case was privileged either under the statutory Michigan polygrapher privilege or the attorney-client privilege, or both. Petitioner, on the other hand, argued that the polygrapher privilege did not apply to Delaware proceedings and that applicability of the attorney-client privilege was a question for a Delaware court, not for the Michigan court. In ruling on the petition following argument of counsel, the court below said:

"I am satisfied that any evidence that could be given

by Mr. Marcy to a court in Delaware would be inadmissible. I am satisfied that he's entitled to the privilege accorded to him by the Michigan Statute. And I think that if I ordered him to go to Delaware, it would be a useless act despite the request of the attorney general from the state of Delaware, because anything he could testify to there certainly is protected by the privilege, he's not going to relent and waive privilege, I'm sure of that. He's already indicated to that. And I think that it would just be an idle waste of time on both the part of this Court and the part of the Delaware court. I understand the problems of the grand jury in Delaware and I understand the problem of the attorney general, but it doesn't appear to me that Mr. Marcy could give them any material testimony because of the privilege."

It is clear that the lower court based its decision in part on the privilege established by MCL 338.1728; MSA 18.186(28), which provides in part:

"Any communications, oral or written, furnished by a professional man or client to a licensed examiner, or any information secured in connection with an assignment for a client, shall be deemed privileged with the same authority and dignity as are other privileged communications recognized by the courts of this state."

The court's comment that anything Marcy could testify to in Delaware would be privileged leads us to believe that the court also found that the attorney-client privilege applied to the polygraph examination. We think that the court's decision was correct under either analysis, and affirm.

The prosecutor urges upon us the view that it is Delaware law, not Michigan law, which governs and that the determination whether the information in Marcy's possession is privileged is not for Michigan courts to make.[3] He asks us to require

---

[3] We reject out of hand the argument that the Michigan court may not look behind the certificate of the Delaware court and may not

Mr. Marcy to travel to Delaware and to assert his claim of privilege before the courts of that state. We decline to do so for several reasons.

Preliminarily, we note that other courts have held that because the uniform act authorizes a drastic infringement upon the liberty of the witness, it must be strictly construed to prevent injustice. See *People v McCartney,* 38 NY2d 618; 381 NYS2d 855; 345 NE2d 326 (1976), *In re Grothe,* 59 Ill App 2d 1; 208 NE2d 581 (1965).

Beginning our analysis of the case before us, we note that the polygraph examination, during the course of which Marcy obtained the allegedly privileged information, was conducted in Michigan by a Michigan-licensed polygrapher at the request of an attorney in the course of providing legal advice and assistance to a client. We think that this is a situation which clearly falls within the letter and spirit of the polygrapher privilege statute. That statute represents a declaration by the Legislature of the policy of the State of Michigan, a policy which the courts of this state have a duty to enforce. We are of the opinion that the aforementioned policy would be ill served by permitting the Attorney General of Delaware to use the powers of a Michigan court to force an unwilling witness to appear before a grand jury which will then use its powers to require the policy of the State of Michigan to be violated.[4] Compare *People v Carter,* 34

make an independent determination of materiality based on evidence presented to the Michigan court. See *In re Adams,* 64 Ill 2d 269; 356 NE2d 55 (1976), *Wright v State,* 500 P2d 582 (Okl Crim App, 1972), *Appel v State of New York,* 243 MD 218; 220 A2d 301 (1966), *cf. People v McCartney,* 38 NY2d 618; 381 NYS2d 855; 345 NE2d 326 (1976).

[4] We assume that Marcy would be subject to a contempt charge if he refused to testify when ordered to do so by a Delaware court. We note that if he does testify, he could conceivably lose his polygrapher's license as a result, although the compulsion of his testimony may excuse the disclosure. MCL 338.1728; MSA 18.186(28). To place

Cal App 3d 748; 110 Cal Rptr 324 (1973), *cert den* 419 US 846; 95 S Ct 81; 42 L Ed 2d 75 (1974), where the witness was voluntarily in California to testify to a communication made in Illinois.

In addition, we are of the opinion that the communications between Mr. Hughes and Mr. Marcy are protected by the attorney-client privilege, which is part of the common law of both Michigan and Delaware, see *Lindsay v Lipson,* 367 Mich 1; 116 NW2d 60 (1962), *People v Hilliker,* 29 Mich App 543; 185 NW2d 831 (1971), *Texaco, Inc v Phoenix Steel Corp,* 264 A2d 523 (Del Ch, 1970).[5] It is well-established that a physician or psychiatrist who examines a party (including a criminal defendant) at the request of the party's attorney, to assist the attorney in preparing for trial, comes within the protection of the attorney-client privilege, *United States v Alvarez,* 519 F2d 1036 (CA 3, 1975), *People v Superior Court for the County of Los Angeles,* 51 Cal App 3d 459; 124 Cal Rptr 158 (1975), People v Goldbach, 27 Cal App 3d 563; 103 Cal Rptr 800 (1972), *People v Hilliker, supra.* Although decisions vary from one jurisdiction to another, the attorney-client privilege has been extended to cover, *inter alia,* an accountant, investigator, engineer or appraiser employed by either the client or the attorney to assist the attorney, see *e.g. State v Tapia,* 113 NJ Super 322; 273 A2d 769 (1971), Anno: *Persons other than client or attorney affected by, or included within, attorney-client privilege,* 96 ALR2d 125. In Delaware, an appraiser who had assisted the state's attorney as

Marcy in the uneviable position of choosing whether to lose his liberty or to risk losing his livelihood would most certainly work a hardship upon him, a factor which militates against granting the petition. See MCL 767.92(3)(b); MSA 28.1023(192)(3)(b), quoted in text, *supra.*

[5] Courts of this state are authorized to take judicial notice of the law of foreign jurisdictions, MCL 600.2114a; MSA 27A.2114(1).

an expert was prevented from testifying on grounds that his testimony was barred by the state's assertion of the attorney-client privilege, *State v 62.96247 Acres of Land,* 57 Del 40; 193 A2d 799 (1963). The Superior Court in that case noted that the assistance of experts is often required in preparing a case for trial, and the participation of an expert in trial preparation often makes him, in effect, "assistant counsel", 57 Del at 62. The stipulation of facts in the case before us clearly reveals that Hughes' attorney sought the expert assistance of Marcy in the course of his representation of his client. We agree with the trial court that the attorney-client privilege extends to the polygraph examination conducted by Marcy at the request of Hughes' attorney. We likewise agree with the court below that any witness whose testimony is barred by a privilege is not a material and necessary witness within the meaning of the uniform act.

Accordingly, we affirm the order of the court below denying the petition of the State of Delaware. Because of our disposition of this issue, we do not reach the question raised in cross-appellant's brief. No costs, a public question being involved.