■ STATE OF NEW JERSEY, Plaintiff, v ROBERT E. BARDOFF, Defendant. ROBERT E. BARDOFF, Appellant, v KEN WILLIAMSON et al., Respondents. — Appeal from two orders of the Supreme Court, Richmond County (Owens, J.), both dated October 15, 1982, which denied the application of appellant Robert Bardoff for orders pursuant to CPL 640.10 directing Ken Williamson and Charles Picciocco to appear as witnesses at appellant's trial in the Superior Court of New Jersey, Law Division (Criminal), Middlesex County. Orders reversed, on the facts, without costs or disbursements, applications granted and respondents Williamson and Picciocco are directed to appear as witnesses when called to do so in the matter pending in the Superior Court of New Jersey, Law Division (Criminal), Middlesex County, entitled *State of New*

*Jersey v Bardoff* (Index No. 226-81). Appellant Robert Bardoff is charged in Middlesex County, New Jersey, with the crimes of possession of marihuana and possession of marihuana with intent to distribute. Utilizing the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings (CPL 640.10; New Jersey Stats Ann 2A:81-18 *et seq.*), he seeks to secure the testimony of two New York residents, the respondents Williamson and Picciocco. In certificates issued September 28, 1982, Honorable Theodore Appleby, Judge of the Superior Court of New Jersey, certified that each respondent was a "necessary and material" witness. Petitioner presented the certificates in the Supreme Court, Richmond County, which secured the attendance of Williamson and Picciocco for a hearing. After hearing the witnesses and reviewing the papers, Special Term denied petitioner's applications, thus refusing to order the respondents to testify in the New Jersey trial. We reverse. Initially, we note that an order denying an application to compel witnesses to testify in a sister State is appealable (see *State of New Jersey v Geoghegan,* 76 AD2d 894). The Uniform Act to Secure Attendance of Witnesses from Without the State in Criminal Cases, mandates a two-step process (1) the Trial Judge may, at his discretion, issue a certificate of materiality *(People v McCartney,* 38 NY2d 618) and, if he does, then (2) the court of the State where the witness resides is obliged to determine for itself whether the witness is material and necessary *(Matter of McAuley,* 63 Ohio App 2d 5; *Matter of State of New York v Wagner,* 79 Ill App 3d 369). The burden of proof to establish that a witness is material and necessary rests upon the party seeking the witness' testimony *(People v McCartney, supra; State v Smith,* 87 NJ Super 98). At the hearing in the State of residence, the out-of-State certificate is entitled to prima facie evidentiary acceptance *(Matter of McAuley, supra).* In the matter at issue here, appellant submitted his out-of-State certificates of materiality to Special Term. In addition, he explained that his defense at trial would be that he did not know that there was marihuana in the truck that he was driving; that he had simply picked up an order of goods for someone else and unbeknownst to him, marihuana was included; that while a large quantity of marihuana has a strong and particular odor, he could not smell it and neither could the witnesses Williamson and Picciocco who spent time repairing appellant's van shortly before he was arrested. Contrary to the conclusion reached by Special Term, we find that this evidence is sufficient for appellant to establish that Williamson and Picciocco are necessary and material witnesses. Accordingly, the orders under review are reversed and the applications to require respondents Williamson and Picciocco to appear as witnesses when called to do so in the matter pending in the Superior Court of New Jersey, Law Division (Criminal), Middlesex County, entitled *State of New Jersey v Bardoff* (Index No. 226-81) are granted. Lazer, J. P., Gulotta, Brown and Boyers, JJ., concur.