■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACEO M. JONES, JR., Appellant.—Judgment unanimously affirmed. Memorandum: After stopping the vehicle defendant was driving, police found 10 rounds of .32 caliber bullets on defendant's person and a .32 caliber handgun under the

passenger seat. Defendant and a passenger were charged with criminal possession of a weapon in the third degree. Both denied ownership of the weapon or knowledge of its existence. Upon the request of defendant and his codefendant, the trial court determined that the owners of the vehicle, both of whom were residents of Virginia, were material witnesses, and the court issued a certificate requiring the presence of these out-of-State witnesses at the trial of defendant and his codefendant (see, CPL 640.10; Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings § 2 [11 ULA (master ed)]).

The Virginia Circuit Court for the City of Alexandria, after a hearing, found that neither witness was necessary or material and that requiring their presence for defendant's trial would impose an undue hardship upon each witness. The Virginia court denied the State of Virginia's petition for an order compelling the presence of either witness for trial in New York.

On this appeal, defendant claims that the procedures employed by the Virginia court were improper in that hearing testimony was not transcribed; that the Virginia court's decision was inconsistent with the purposes of the Uniform Act because the court made a finding contrary to that of the Trial Judge in New York; and that the failure of the Virginia court to enforce the Trial Judge's certificate violated full faith and credit principles and deprived defendant of a fair trial.

We conclude that this court's powers of appellate review do not extend to the decisions of nisi prius courts in our sister States. If the defendant was aggrieved by the Virginia procedure or determination, his appeal should have been pursued in the Virginia court system (see, State of New Jersey v Bardoff, 92 AD2d 890; State v Closterman, 687 SW2d 613, 621 [Mo App 1985]). (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—criminal possession of weapon, third degree.) Present—Denman, J. P., Green, Pine, Balio and Davis, JJ.