■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL BRAGG, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIUS BRAGG, Appellant.—Judgments of the Supreme Court, New York County (Budd Goodman, J.) rendered July 17 and July 24, 1989, respectively, convicting each defendant of murder in the second degree, and sentencing each to an indeterminate term of incarceration of from 24 years to life, unanimously affirmed.

Defendants Demetrius and Jamal Bragg, Ward Seymoure and several other men were playing a dice game on 140th Street near Seventh Avenue. As Saul Lewis and Ronald Woods passed by, Demetrius Bragg announced to the other players that he did not "like the way [Woods was] looking at him," and indicated an intention to take some action against

him. Defendants briefly entered a building located on the opposite side of Seventh Avenue. Upon emerging, they were seen handing a .357 magnum revolver to Ward Seymoure, while Demetrius Bragg held a Tech Nine semiautomatic 9mm pistol and his brother placed a similar weapon under his shirt.

The three gunmen ran uptown on the west side of Seventh Avenue, approaching Woods and Lewis from behind. Woods was confronted by Seymoure who, after a brief exchange of words, pulled out the revolver, causing Lewis and Woods to flee. Witnesses heard shots and saw muzzle flashes from the weapons held by the Bragg brothers. At some point, Woods was hit and was pronounced dead an hour later at Harlem Hospital.

On appeal, defendant Demetrius Bragg contends that Woods was shot by Ward Seymoure and that the evidence against him is "equally consistent with an intent to cause serious physical injury" (manslaughter in the first degree) as an intent to cause death. However, that Demetrius Bragg may not have fired the fatal shot is not dispositive as to his guilt or innocence. To prove murder in the second degree, the People had only to demonstrate that the defendants and Seymoure acted in concert, with the intent to kill Woods and, in fact, succeeded in their mission (see, People v Brathwaite, 63 NY2d 839). Viewing the evidence in the light most favorable to the People (People v Contes, 60 NY2d 620), these facts were sufficiently proven.

Defendants' assertion that it was error for Criminal Term to deny their application pursuant to CPL 640.10 (3) for a material witness certificate to compel the appearance of Dr. Mayer, who performed the autopsy on the victim, is likewise without merit. It is apparent that Dr. Mayer's testimony was sought merely for the purpose of showing that Woods was shot at close range and that Ward Seymoure, who was closest to the victim, probably fired the fatal shot. Therefore, it cannot be said that defendants have satisfied their burden to establish that the testimony of Dr. Mayer was relevant, material or necessary to the issues raised in the case (People v McCartney, 38 NY2d 618, 622), nor that the IAS court abused its discretion in denying the application (People v McCartney, supra, at 623).

Finally, defendants' contention that the court improperly admitted evidence that they were crack dealers is both unpreserved for our review (People v Medina, 53 NY2d 951) and without foundation. The only such testimony elicited by the People was that defendant wanted eyewitness Ballone Stal-

lings "to come back and work for him." It was defense counsel who, on cross-examination, elicited the response that the work Stallings performed was not legitimate and "I was selling crack." Other references, by Stallings to possession of a gun several days after the shooting by Demetrius Bragg and by a defense witness to the prior incarceration of Jamal Bragg, were immediately met by curative instructions, and any error was plainly harmless (People v Crimmins, 36 NY2d 230, 241). Concur—Murphy, P. J., Rosenberger, Ellerin, Kassal and Rubin, JJ.