■ In the Matter of ROBERT GRACE, as Deputy District Attorney of Los Angeles County, Petitioner. KEVIN POWELL, Appellant; ROBERT M. MORGENTHAU, as District Attorney of New York County, Respondent. [634 NYS2d 473] —Order, Supreme Court, New York County (Herbert Adlerberg, J.), entered on or about September 22, 1995, which granted the application of Robert Grace, Deputy District Attorney, Los Angeles County, for an order pursuant to CPL 640.10 (2) directing that Kevin Powell appear as a material and necessary witness in a pending criminal action in the Superior Court of the State of California, Los Angeles County, unanimously affirmed, without costs.

The certificate of materiality issued by the California Judge, and the accompanying submissions presented to Supreme Court, New York County, provided ample basis for its determinations that appellant's testimony was both material and necessary to the pending California prosecution, and that no undue hardship existed, such that issuance of the subpoena compelling him to appear and testify was proper (CPL 640.10 [2]; *see, Matter of Codey [Capital Cities, Am. Broadcasting Corp.]*, 82 NY2d 521; *State of New Jersey v Bardoff*, 92 AD2d 890; *Matter of Failla*, 89 AD2d 923; *cf., People v McCartney*, 38 NY2d 618).

Appellant's challenge to the facial sufficiency of the certificate, including the asserted failure to include the facts underlying its determination of materiality and to specify the number of days of testimony required, are meritless given the technical nature of the defects (CPLR 2001; CPL 470.05 [1]), and, in any event, such deficiencies were remedied by the applicant's additional submissions (*see, Matter of Codey [Capital Cities, Am. Broadcasting Corp.]*, 183 AD2d 126, *revd on other grounds* 82 NY2d 521, *supra*).

Nor was appellant denied his statutory right to a hearing on the application where he elected to submit a written opposition, and never requested an opportunity to produce oral testimony. Thus, his challenge to the adequacy and form of the hearing he received is unpreserved (*see*, CPLR 5501 [a] [3]; CPL 470.05 [2]).

Service of the order to show cause one day late did not con-

stitute a jurisdictional defect as appellant's appearance on the return date, at which time he challenged the application on both jurisdictional and substantive grounds, confirmed the adequacy of the notice received (*see, Matter of Caro v Jones*, 41 AD2d 829). Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Williams, JJ.