[810 NYS2d 467]

In the Matter of Bobby Tran, Appellant, v Kwok Bun Lee, Respondent.

First Department, March 9, 2006

## APPEARANCES OF COUNSEL

*Merrill Rubin*, New York City, for appellant.
No appearance for respondent.

## OPINION OF THE COURT

NARDELLI, J.

In this appeal, we are asked to determine whether Supreme Court properly denied the application of petitioner, brought pursuant to the Uniform Act to Secure the Attendance of Witnesses from Without the State in Criminal Proceedings (CPL 640.10), for a subpoena directing respondent to testify as a material and necessary witness in a pending criminal action in the state of California.

Petitioner Bobby Tran has been charged with murder in the first degree (Cal Penal Code §§ 187, 189) and personal use of a firearm (Cal Penal Code § 12022.53 [a] [1]) by the State of California (*People of State of Cal. v Bobby Tran* [Case No. SC55L96A]), and his case is pending in the Department of the Presiding Criminal Judge of the Superior Court of San Mateo County, California. He is alleged to have shot and killed Xin Jiang in her San Francisco apartment on January 10, 1999. Jiang's body was not discovered until almost 3½ years later, on June 7, 2002, in a storage facility in Daly City, California.

It was learned during the course of the investigation that petitioner rented the aforementioned storage space under an alias, and that his girlfriend informed police that petitioner disappeared on January 12, 1999, two days after the alleged date of Jiang's death. Petitioner alleges that pretrial discovery indicates that there are no eyewitnesses to the crime and no forensic evidence tying him to the shooting.

Petitioner asserts that it is anticipated he will testify at trial that a third person, David Chang, an acquaintance of both Tran and the victim, shot and killed Jiang and just a few days later, on January 15, 1999, met with Tran to enlist his help in the disposal of Jiang's body. Tran will purportedly testify that he and Chang thereafter moved Jiang's body to the storage facility on January 18, 1999, and that Chang had accompanied him to the storage facility on more than two other occasions. The police

reports in this matter allegedly state that an employee of the storage facility where the body was discovered told police investigators that Tran was observed at the storage facility in the company of another Asian male on more than two occasions prior to the discovery of the body. David Chang is an Asian male.

In contrast, Chang informed police investigators that, at the request of Tran's girlfriend, he searched for petitioner in the days after the shooting but was unable to locate him. Chang claimed the next time he saw petitioner was at some interval in 2000 or 2001 in the state of California.

Petitioner, with regard to the within application, alleges that respondent Kwok Bun Lee, a New York resident, was present for the meeting between himself and Chang on January 15, 1999, when the disposal of Jiang's body was discussed, and at meetings in New York in 1999 between petitioner and Chang after Jiang's body had been secreted. Petitioner acknowledges that Lee did not hear the content of the conversations between himself and Chang, but states that Lee's testimony places Chang with petitioner at a time petitioner claims he discussed the disposal of Jiang's body with Chang, and during a frame of time when Chang maintains he searched for petitioner and was unable to locate him. Petitioner states that it is anticipated the prosecution will argue that his testimony regarding his meetings with Chang is self-serving and should not be believed absent corroboration, and that Lee's testimony will not only verify that he met with Chang on or about the date the disposal of the body was discussed, but will also serve to contradict Chang's statements to the police and undermine his credibility.

Judge H. James Ellis of the Superior Court of the State of California, on September 27, 2004, executed a certificate for issuance of out of state subpoena (the Certificate), directing the appearance of respondent at petitioner's trial. The Certificate states, inter alia, "that Kwok Bun Lee is a material and necessary witness" and his presence is "required for two days."*

Petitioner, in accordance with CPL 640.10 (2), moved for a subpoena directing respondent to appear and testify at his trial in California. Petitioner's counsel, in an affirmation in support of petitioner's application, detailed the underlying facts and noted that respondent had been interviewed by defense

---

* A second, amended Certificate was issued on January 13, 2005 by Judge Stephen M. Hall of the Superior Court of California.

investigators and confirmed that he knew both petitioner and Chang, that he flew to San Francisco in January 1999, where Chang introduced him to petitioner, and that he observed Chang and petitioner together on two more occasions in New York just a few months later.

Respondent, in opposition, states through his attorney's affirmation that he would be subject to undue hardship, that he is in fear for his life as well as those of his loved ones because the underlying case involves a homicide, and that he denies the accuracy of the statements made by petitioner's attorney in support of the application. No specifics are provided regarding these assertions.

The hearing court denied the application and found that respondent "could not offer material or necessary testimony." As a result, the court did not reach the issue of undue hardship, although it concluded that given the "allegations of hardship and the minimal assurances regarding reimbursement and compensation in the California certificate, however, there appears to be a significant issue in this regard as well." Petitioner moved to reargue, emphasizing that respondent's testimony would corroborate petitioner's version of the events, and that the San Mateo County Private Defender Program will reimburse respondent for the cost of travel, lodging or meals, and pay any statutory compensation related to his testimony that exceeds the monies paid by San Mateo County for such purposes. The hearing court granted the motion to reargue, but adhered to its original determination, again finding that petitioner failed to establish materiality or necessity sufficient to compel respondent's testimony. We disagree and reverse.

CPL 640.10 (2) provides, in relevant part, that:

"[i]f a judge or a court of record in any state which by its laws has made provision for commanding persons within that state to attend and testify in this state certifies under the seal of such court that there is a criminal prosecution pending in such court, . . . that a person being within this state is a material witness in such prosecution . . . and that his presence will be required for a specific number of days, upon presentation of such certificate to a justice of the supreme court or a county judge in the county in which such person is, such justice or judge shall fix a time and place for a hearing, and shall make an order directing the witness to appear at a time and place certain for the hearing.

"If at such hearing the justice or judge determines that the witness is material and necessary, that it will not cause undue hardship to the witness to be compelled to attend and testify in the prosecution . . . in the other state, and that the laws of the state in which the prosecution is pending . . . will give to him protection from arrest and the service of civil and criminal process, he shall issue a subpoena, with a copy of the certificate attached, directing the witness to attend and testify in the court where the prosecution is pending . . . at a time and place specified in the subpoena. In any such hearing the certificate shall be prima facie evidence of all the facts stated therein."

Initially, I note that petitioner complied with the requirements of CPL 640.10 (2) by securing the Certificate from a judge of the Superior Court of the State of California, deeming respondent a "material and necessary witness," which is prima facie evidence of all the facts stated therein (CPL 640.10 [2]; *State of New Jersey v Bardoff*, 92 AD2d 890, 891 [1983]). Once the Certificate is presented, the courts of the state where the witness resides are obligated to determine once again whether the witness is material and necessary (*id.*), and the burden of proof falls squarely upon the petitioner (*People v McCartney*, 38 NY2d 618, 622 [1976]; *State of New Jersey v Bardoff*, 92 AD2d at 891, *supra*).

In *Matter of Codey (Capital Cities, Am. Broadcasting Corp.)* (82 NY2d 521, 528-529 [1993]), the Court of Appeals opined that:

"New York courts should make a determination as to whether the requested witness or evidentiary matter is 'material and necessary.' 'Materiality' is a term of art that is used to denote 'the relation between the propositions for which the evidence is offered and the issues in the case.' Similarly, 'necessary' evidence is evidence that is useful, legally significant and noncumulative . . . Thus, *the question of whether evidence is 'material' within the meaning of CPL 640.10 (2) may be resolved solely by reference to the subject matter of the investigation and the logical relationship of the evidence to that subject matter*" (citations omitted and emphasis added; *see also McCartney*, 38 NY2d at 622 [with

regard to materiality, "it must be demonstrated by the defendant that the testimony of the witness sought to be subpoenaed is relevant, admissible and of significance to his case"]).

In other matters, testimony that was sought to refute the testimony of another witness who had allegedly perjured himself before a New Jersey grand jury (*Matter of Failla*, 89 AD2d 923 [1982], *lv dismissed sub nom. People v Failla*, 58 NY2d 692 [1982]), and testimony that was sought to corroborate that of the out-of-state defendant/petitioner (*Bardoff*), were, in both instances, found to be material and necessary.

In this matter, petitioner is facing a first-degree murder charge, although there are, apparently, no eyewitnesses and no forensic evidence linking him directly to the crime. Petitioner, however, claims, despite the fact that the State of California feels otherwise, that Chang is the actual perpetrator. Chang has told the police that he had not seen petitioner for two to three years beginning two days after the murder, despite having looked for him at the behest of petitioner's girlfriend, certainly an incriminating statement indicating petitioner disappeared right after the murder. Petitioner, on the other hand, states he met Chang five days after the murder, at which time Chang asked petitioner if petitioner would help him dispose of Jiang's body. Respondent's testimony would not only place Chang at the meeting with petitioner, verifying that such a meeting took place, but would also serve to undermine Chang's credibility, in that he apparently met with petitioner at least three times in the time period he claims he never saw him. Whatever credibility determinations the trier of fact ultimately makes, we cannot, at this juncture, conclude that respondent's testimony is not material and necessary. Indeed, this matter is certainly more compelling, in our view, than the two out-of-state witnesses in *Bardoff*, who were subpoenaed so they could confirm defendant's testimony that they could not smell the marijuana he was allegedly transporting, unknowingly, in a van.

Respondent's claims of undue hardship are unpersuasive in that he fails to identify, much less elaborate on, any familial, monetary, or job-related hardships, and further, his presence is only required for two days. I agree the trip is a considerable distance, but certainly not one he has not made before, and his testimony is material in a case where the petitioner is facing a significant, possible 50-year-to-life sentence. The State of California, as well as the Private Defender Program, has also as-

sured respondent and this Court that all his expenses would be paid.

Finally, CPL 640.10 (2) provides, inter alia, that once an out-of-state certificate is presented to a justice or judge in this state, "such justice or judge shall fix a time and place for a hearing, and shall make an order directing the witness to appear at a time and place certain for the hearing." This Court, in *Matter of Grace* (222 AD2d 224 [1995]), held that an appellant is not denied his statutory right to a hearing if written opposition to the application is submitted *and* he never requests an opportunity to produce oral testimony. In this matter, respondent, in his opposition before Supreme Court, does request a hearing to determine the merits of the application, a hearing which apparently was never held.

Accordingly, the order of the Supreme Court, New York County (Brenda Soloff, J.), entered on or about February 4, 2005, which denied petitioner's application, brought pursuant to CPL 640.10 (2), for a subpoena directing respondent to appear and testify as a material and necessary witness in a pending criminal action in the state of California, and order, same court and Justice, entered on or about March 23, 2005, granting petitioner reargument, which adhered to the prior determination, should be reversed, on the law and the facts, without costs, and the matter remanded to Supreme Court for an expedited hearing pursuant to CPL 640.10 (2).

McGUIRE, J. (dissenting). I respectfully dissent. The record supports the court's determination that petitioner failed to meet his burden of demonstrating that respondent would provide "relevant, admissible and . . . significan[t]" testimony (*People v McCartney*, 38 NY2d 618, 622 [1976]). To be sure, respondent's testimony well might impeach the credibility of David Chang, the individual alleged by petitioner to have committed the homicide. Petitioner's submissions below, however, afforded no reason to suppose that Chang would testify at petitioner's trial. Petitioner's additional contention, that respondent would corroborate his anticipated trial testimony both that Chang paid for respondent's flight to California to assist Chang in disposing of the victim's remains and that he saw Chang and respondent meet, is equally unavailing. As the court below correctly observed, the fact that Chang may have paid for Lee's flight is "both unremarkable and ambiguous." Similarly, as the court below also correctly observed, the mere fact that Chang and respondent met in California hardly is sufficient to satisfy petitioner's burden.

BUCKLEY, P.J., and WILLIAMS, JJ., concur with NARDELLI, J.; GONZALEZ and McGUIRE, JJ., dissent in a separate opinion by McGUIRE, J.

Order, Supreme Court, New York County, entered on or about February 4, 2005, and order, same court, entered on or about March 23, 2005, reversed, on the law and the facts, without costs, and the matter remanded to Supreme Court for an expedited hearing.