Stein, J.
(dissenting in People v Middlebrooks, concurring in People v Lowe). The majority holds that a sentencing court must always determine whether a defendant who has any possibility of establishing eligibility for youthful offender status is, in fact, so eligible. In my view, that holding represents an unwarranted extension of our decision in People v Rudolph (21 NY3d 497 [2013]) and a strained reading of the relevant statutory language. I would hold that a defendant who is presumptively ineligible for youthful offender treatment must request, and the burden rests on such defendant to establish, that he or she is an eligible youth, rather than obligating the courts to initiate an inquiry into the defendant’s potential eligibility.
L
Resolution of this issue depends on the text of the relevant statutes and on our decision in Rudolph. CPL 720.20 (1) provides that, “[u]pon conviction of an eligible youth, . . . the court must determine whether or not the eligible youth is a youthful offender,” by considering certain enumerated criteria. In Rudolph, we held that the legislature’s use of the word “must” in CPL 720.20 (1) meant that a sentencing court was *529 required to determine whether a defendant who is eligible for youthful offender treatment should be so treated, regardless of whether the defendant requested such treatment or even waived the right to it (see 21 NY3d at 499, 501). The majority now takes the legislature’s use of the word “must” in CPL 720.20 (1) and inserts it into CPL 720.10 — a purely definitional provision — to require courts to determine whether a defendant is an “eligible youth,” even when the defendant is specifically excluded from that term (in the absence of proof of enumerated circumstances). The majority does so despite the absence of the word “must” in CPL 720.10.
It is undisputed that defendants William Middlebrooks and Fabrice Lowe fit within the definition of “[y]outh” because they were each 18 years old when they committed the crimes at issue here (CPL 720.10 [1]). The statute defines the term “[ejligible youth” as “a youth who is eligible to be found a youthful offender,” and states that “[e]very youth is so eligible unless” he or she falls within certain exceptions; one such exception is where, as here, the current crime is an armed felony, “except as provided in subdivision three” (CPL 720.10 [2] [a] [ii] [emphasis added]).[1] Subdivision (3) provides that,
“Notwithstanding the provisions of subdivision two, a youth who has been convicted of an armed felony offense . . . is an eligible youth if the court determines that one or more of the following factors exist: (i) mitigating circumstances that bear directly upon the manner in which the crime was committed; or (ii) where the defendant was not the sole participant in the crime, the defendant’s participation was relatively minor although not so minor as to constitute a defense to the prosecution” (CPL 720.10 [3] [emphasis added]).
The majority repeatedly emphasizes the language in subdivision (3) that a youth convicted of an armed felony “is an eligible youth,” but ignores the import of the next word in the statute— “if” — and the qualifying language that follows (CPL 720.10 [3] [emphasis added]). “[I]f” is a qualifying word, indicating that the defendant “is an eligible youth” only in the event that the *530 enumerated conditions are proved. That is, although the statute begins with the broad premise that every youth is eligible for youthful offender status, that premise is clearly qualified by the words “unless,” “except,” and “if” (CPL 720.10 [2], [3]). Each of those qualifiers represents a step that must be taken in the analysis before finding a youth to be an “eligible youth.” Relying on the fact that a youth may be considered an eligible youth if the court determines that one or more of the statutory factors exist (see CPL 720.10 [3]), the majority incorrectly concludes that every sentencing court is obligated to initiate an inquiry and make a determination as to whether the defendant is an eligible youth, even where the statute presumes that he or she is not.
In Rudolph, we held that courts have an independent duty to determine whether to bestow youthful offender status on any defendant who is an eligible youth (see 21 NY3d at 501). In that case, the defendant fit the definition of a presumptively eligible youth because he did not fall within any of the statutory exceptions. Now, however, the majority extends Rudolph to require courts to make the more complex, threshold determination as to whether a presumptively ineligible young defendant could possibly qualify as an eligible youth — regardless of whether the defendant requests youthful offender treatment or even specifically waives it — before proceeding with the statutorily mandated determination of whether to grant youthful offender status if a finding of eligibility is made. In my view, this goes too far. While I, like the majority here and in Rudolph, recognize the laudatory policy considerations behind the youthful offender statute, such considerations simply cannot justify the majority’s holding here, which is based upon an erroneous grafting of the language of CPL 720.20 (1) into the language of CPL 720.10.[2]
As the majority notes, following Rudolph, the Appellate Division Departments split on the issue currently before us. The Third Department first addressed the issue, concluding that Rudolph did not apply to a defendant who “was convicted of an armed felony and was, therefore, not eligible for youthful offender status” (People v Woullard, 115 AD3d 1053, 1054 [3d Dept 2014], lv denied 23 NY3d 1026 [2014] [citations omitted]). In a footnote, the Court “recognize [d] that an age-eligible de *531 fendant who has been convicted of an excluded felony may seek youthful offender treatment by demonstrating mitigating circumstances that bear directly upon the manner in which the crime was committed. However, where, as here, no such showing was made, the defendant is not an eligible youth” {id. at 1054 n 2 [internal quotation marks and citations omitted]). The First Department has disagreed with that holding, concluding that, “regardless of whether [a] defendant was convicted of an armed felony, he [or she] was potentially eligible for [youthful offender] treatment under the mitigation provisions of CPL 720.10 (3), and was therefore entitled to a determination” (People v Boria, 124 AD3d 467, 468 [1st Dept 2015] [emphasis added]; see People v Malcolm, 118 AD3d 447, 447 [1st Dept 2014] [also stating that the defendant was “potentially eligible”]; People v Flores, 116 AD3d 644, 644-645 [1st Dept 2014]).
However, CPL 720.20 (1) says only that the court “must” determine whether an “eligible youth is a youthful offender.” In my view, the First Department and the majority here have erred because a plain reading of that statute does not impose any requirement on the court if a person is only “potentially” an eligible youth. Indeed, young defendants who fall under CPL 720.10 (2) (a) (ii) and (iii) are presumptively ineligible for youthful offender status, with only an opportunity to attempt to establish their eligibility pursuant to CPL 720.10 (3). It is entirely consistent with the statutory scheme to require defendants to bear the burden of establishing that eligibility by demonstrating the exception’s statutory factors of mitigating circumstances or minimal role in the crime (see People v Brodhead, 106 AD3d 1337, 1337 [3d Dept 2013], lv denied 22 NY3d 1087 [2014]; see also People v Victor J., 283 AD2d 205, 206 [1st Dept 2001], lv denied 96 NY2d 942 [2001]).
Under the rule created by the majority today, that burden is placed on the court. While Rudolph imposed a responsibility on sentencing courts to make a determination regarding youthful offender status for all youths who are presumptively eligible, the Court held that the legislature had already placed that burden on sentencing courts through its use of the word “must” in CPL 720.20 (1) (see Rudolph, 21 NY3d at 501). The legislature did not indicate, in CPL 720.10, that the courts must attempt to elicit and ascertain the existence of factors that would convert a youth who is presumptively ineligible for youthful offender status — because he or she committed an armed felony— *532 into an eligible youth. Notably, the phrase “if the court determines” in CPL 720.10 (3) is couched in passive language.
Not only does the majority err in holding that the court bears the burden of determining whether a presumptively ineligible youth is, in fact, an eligible youth, it goes even further so as to impose that responsibility on courts regardless of whether a defendant in that category requests — or even waives — youthful offender treatment. The majority does not explain how, or on what basis, a court would be able to make a determination of the enumerated factors for a defendant who does not seek such treatment. For example, in situations such as Middlebrooks, where the defendant pleaded guilty, the record may not contain information concerning mitigating circumstances or the extent of the defendant’s role in the crime (see CPL 720.10 [3]). Is the court then obligated on its own to hold a hearing or beseech the possibly uninterested defendant[3] to provide additional information to enable the court to make an informed determination as to whether a presumptively ineligible youth qualifies as an eligible youth? It seems to me that the majority requires too much of the already-overburdened criminal courts; rather, the burden should be on the presumptively ineligible defendants who desire the benefits associated with youthful offender treatment. Although young defendants may not be versed in the law, counsel are available to assist them. In our system of justice, unless the legislature has plainly laid a burden on a particular party or on the court (see Rudolph, 21 NY3d at 501; CPL 720.20 [1]), the burden generally rests upon the party seeking to benefit from a particular action (see People v McCartney, 38 NY2d 618, 622 [1976]; see also Buechel v Bain, 97 NY2d 295, 304 [2001], cert denied 535 US 1096 [2002]; Matter of Priest v Hennessy, 51 NY2d 62, 69 [1980]). Accordingly, defendants who are presumptively ineligible for youthful offender treatment — for example, because they committed an armed felony — should be responsible for requesting such treatment, and bear the burden of establishing the statutory factor or factors that would permit a court to determine that they qualify as eligible youths. As Middlebrooks did not do so, I would affirm the Appellate Division order in his case.
*533 II
In Lowe, I concur only in the result of reversal, based on an argument not reached by the majority. Defense counsel requested an adjournment of sentencing to compile her own presentence report, as is permitted by statute (see CPL 390.40 [1]); she also requested consideration of Lowe for youthful offender status. County Court refused to grant the adjournment, without any legitimate explanation, despite having moved sentencing up two weeks from its originally scheduled date. It is unclear whether the defense report would have revealed information related to the factors that could have qualified Lowe as an eligible youth (see CPL 720.10 [3]), and if counsel planned to use the report to establish those factors or for other sentencing-related purposes. Under these circumstances, the court’s denial of Lowe’s reasonable request for an adjournment was an abuse of discretion, requiring that his conviction be reversed, his sentence vacated and the matter remitted for sentencing after affording defendant an opportunity to prepare a presentence report (see People v Foy, 32 NY2d 473, 476-477 [1973]; compare People v Becoats, 17 NY3d 643, 652-653 [2011], cert denied 566 US —, 132 S Ct 1970 [2012]).
In People v Middlebrooks: Order reversed and case remitted to County Court, Erie County, for further proceedings in accordance with the opinion herein.
Opinion by Judge Fahey. Chief Judge Lippman and Judges Rivera and Abdus-Salaam concur. Judge Stein dissents in an opinion in which Judges Read and Pigott concur.
In People v Lowe: Order reversed and case remitted to County Court, Onondaga County, for further proceedings in accordance with the opinion herein.
Opinion by Judge Fahey. Chief Judge Lippman and Judges Rivera and Abdus-Salaam concur. Judge Stein concurs in result in a separate concurring opinion in which Judges Read and Pigott concur.

. A similar exception exists where the current crime is an enumerated sex offense (see CPL 720.10 [2] [a] [iii]). While this decision discusses the armed felony exception — because it directly applies to the defendants in these cases — the same analysis under the statutes is applicable to a defendant convicted of an enumerated sex offense.

. To the contrary, the holding in Rudolph was properly based on the language of CPL 720.20 (1).

. Middlebrooks, while represented by counsel, entered a plea agreement whereby he pleaded guilty with a promised range of sentencing that would not be available if he were adjudicated a youthful offender. If he had obtained youthful offender status, he would have had to forgo that favorable plea agreement.