George F. Roberts, J.
This is an application for an order pursuant to CPL 640.10 to compel the attendance of a material witness in Florida.
The prospective witness is a licensed psychologist in the State of New York.- The State Attorney in Florida seeks the witness’ testimony as to the mental condition of a former patient who has been charged with second degree murder. The defendant has by formal notice raised the defense of insanity.
*420 The .witness raises several objections to the entry of an order compelling his testimony: (1) the matter on which he would testify is privileged under New York law; (2) his testimony is not material; (3) that traveling to Florida to testify would cause undue hardship to both the witness and his patients.
The witness’ first objection is without merit. The New York Court of Appeals has held that the physician-patient privilege is waived by a defendant who asserts the defense of insanity and thereby affirmatively puts his mental condition in controversy (People v. Al-Knami, 33 N Y 2d 260; People v. ButTyy, 38 A D 2d 10). The New York law on this point is in accord with many other jurisdictions including Florida (see 44 ALR 3d 24, 59). The court notes and rejects the witness’ assertion that the psychologist-patient privilege (CPLR 4507) is broader than the physician-patient privilege (CPLR 4504). While CPLR 4507 places the psychologist-patient privilege on the same basis as the attorney-client privilege, it would be anomalous to hold that a psychologist has a greater privilege than a psychiatrist. All of these privileged communications are for the benefit of the client or patient and when the patient, as here, makes the secret public there is nothing left to protect (People v. Al-Kanani, supra).
The witness’ second objection that his testimony is not material also lacks merit. It clearly appears in the affidavit of the Florida State Attorney that the defendant has asserted that she had a lifelong emotional conflict .with the victim, her mother. The witness treated the defendant for an extended period between 1960 and 1970 and his testimony is obviously germane to the question of the defendant’s relationship with her mother.
The witness finally contends that to travel twice to Florida, once to be deposed and once to testify at trial, would cau’se undue hardship to the witness and his patients. While the witness will certainly lose income, the' same, burden is borne by every witness summoned to a civil or criminal proceeding (see for example the fees for a witness subpoenaed within the State CPLR 8001).
The court will take judicial notice that the $5 per diem provided by statute (CPL 640.10, subd. 3) is woefully inadequate to cover the expenses of staying in Miami. However, that is a matter for the Legislature and this court can do nothing but respectfully call to that body’s attention the unfairness of a fee structure originally enacted in 1936.
The witness, as a practicing psychologist, does have a special responsibility to his patients. For that reason, the order of *421 this court dated September 10, 1974 is modified to the extent of directing the witness to make himself available at a mutually agreed upon time and place in the State of New York for the purpose of taking a pretrial statement on or before October 16, 1974. In all other respects the order is continued.