Per Curiam.

Order of the Appellate Division affirmed, without costs.
*317 Preliminary objection to the direct appealability of the orders is raised by respondents. It is true that the direct appealability of orders granting or denying motions to quash subpoenas in criminal investigations and actions has a peculiar analytical basis. However, since 1936 in a series of cases beginning with People v Doe (272 NY 473, affg 247 App Div 324), this court has allowed the direct appealability of orders in such proceedings. It was reasoned that they were final orders in special proceedings on the civil side of a court vested with civil jurisdiction. The court did so as recently as in Matter of Boikess v Aspland (24 NY2d 136, 138-139; see Matter of Santangello v People, 38 NY2d 536, 539, discussing the rule as extant). Since the jurisdiction of an Extraordinary Term is coextensive with that of an ordinary term of Supreme Court possessing both criminal and civil jurisdiction, the same rule obtains in the instant case (see Matter of Reynolds v Cropsey, 241 NY 389, 395-396; Executive Order No. 56, 9 NYCRR 1.56). Consequently, on a basis of stare decisis these precedents represent a formidable line of authority, however asymmetrical may appear to be the support for the rule they express and apply. Moreover, there is no suggestion in the legislative history of the Criminal Procedure Law that there was any intention to override these precedents. The arguments based on CPL depend exclusively on the definitional arrangement in that statute, a definitional arrangement more precise, although not significantly different from that in the predecessor statute, the Code of Criminal Procedure, for the purpose of this issue (compare, e.g., CPL 1.20, subd 18 with Code Crim Pro, §§ 5, 515, 962). Consequently, despite respondent’s persuasive practical arguments addressed to the dilatory purpose that the rule of the Doe case (supra) serves those reluctant to testify in legitimate criminal investigations, the court is not now ready to overrule precedents resting upon a history of 40 years.
Turning to the merits of the appeal, the several issues raised by appellants are largely premature, as the Appellate Division concluded, so long as there is a valid Grand Jury in existence and valid subpoenas issued pursuant to orders of the Governor creating the Extraordinary Term of the Supreme Court and making requisitions on the Attorney-General (see Executive Order Nos. 56, 62, 9 NYCRR 1.56, 1.62). Such validity, the court concludes, is present because of the executive findings and acts which are largely beyond review in the *318 courts, insofar as any of the multiple grounds urged by appellants are concerned (see People ex rel. Saranac Land & Timber Co. v Extraordinary Special & Trial Term, Supreme Ct., 220 NY 487, 491 [Cardozo, J.]; People v Kramer, 33 Misc 209, 219).
With respect to the particular subpoenas and the persons to whom they are addressed, the record, conclusory as it may be, described a relevant scope of inquiry and some basis for inquisition of and through the witnesses subpoenaed. That appellants make a plausible argument that the purposes of the subpoenas are to harass, embarrass, and manipulate related public events and media publicity does not justify suppression of the subpoenas as a matter of law at this time. Otherwise, legitimate investigations could be easily frustrated by a counterattack of like manipulation with like purposes but directed at the investigators.
Nor is it, as a matter of law on this record, cognizable infirmity in the procedure followed that the sole purpose of the subpoenas, other than the one addressed to Mr. Victor, may be to exact an anticipated and wished-for refusal to waive immunity and then seek to cause removal from office in a political party or in a government position. The privilege against self incrimination does not embrace a privilege against being required to claim the privilege. Moreover, no one, not even the principal actors can know, whatever they may now intend, what they indeed will do when the occasion for action presents itself.
For all of these reasons the order appealed from should be affirmed. As a caveat, none of this is to say that the proceedings which may ensue will not be entitled to a re-evaluation by the court or courts of jurisdiction for abuse of process if that should turn out to be the case, for unfairness in the handling of the witnesses either by way of harassment, interference with the right to counsel, or abuse of confidentiality of Grand Jury proceedings in violation of the Code of Professional Responsibility and the Penal Law, or for abuse of the Grand Jury’s power to investigate and indict for criminal acts on competent evidence, as required by law. These subpoenas are valid inceptions to a genuine investigation and not a warrant for official oppression.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, *319 Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order affirmed.