In the Matter of ROBERT M. MORGENTHAU, as District Attorney of New York County, Appellant, v BOBBY 9X HOPES, Respondent.

In the Matter of ROBERT MORGENTHAU, as District Attorney of New York County, Petitioner, v JAMES J. LEFF, as a Justice of the Supreme Court of the State of New York, Respondent.

First Department, January 6, 1977

*Peter L. Zimroth* of counsel *(Robert M. Pitler* with him on the brief), for petitioner and appellant.

*James S. Carroll, III,* of counsel *(Carroll, McClary & Reid,* attorneys), for Bobby 9X Hopes, respondent.

KUPFERMAN, J. We have here two proceedings; one is an appeal by the People from a judgment (erroneously referred to as an order) dated October 1, 1976 of the Supreme Court, New York County, which denied a motion to quash a subpeona duces tecum, and the other an original proceeding instituted pursuant to CPLR article 78, in the nature of prohibition to prevent the respondent Justice of the Supreme Court from enforcing the judgment directing the People, petitioner, to

turn over to defense counsel in the companion appeal certain police investigative reports.

This matter has its genesis in a police response to a false report of a disturbance at a Black Muslim Temple in New York County, as a result of which a police officer was shot to death.

In this connection, the respondent Hopes was charged with assault in the second degree, and one Lewis Dupree was charged with murder. Counsel for Dupree moved for discovery of all complaint follow-up reports (known as DD 5's) relating to the police investigation. The People in the Dupree matter were directed by ROTHWAX, J. to turn over to him 358 reports, which he reviewed *in camera,* and he then denied the defense request for discovery, finding that the reports did not contain exculpatory material. Thereafter, Dupree moved for similar relief before MELIA, J., who in turn denied the motion, relying upon the decision of ROTHWAX, J. During the trial of Dupree, counsel for Hopes, who are also counsel for Dupree, secured a subpoena duces tecum from LEFF, J. with respect to the same material.* Without viewing the material, LEFF, J. directed that the People turn over to counsel for Hopes the DD 5's involved. Arrest reports and complaint reports (known as UF 61) had already been turned over.

The People moved to quash the subpoena on the ground that it was exempt property under CPL 240.10 (subd 3): " 'Exempt property' means (a) reports, memoranda or other internal documents or work papers made by district attorneys, police officers or other law enforcement agents, or by a defendant or his attorneys or agents, in connection with the investigation, prosecution or defense of a criminal action, and (b) records of statements made to such parties, attorneys or agents by witnesses or prospective witnesses in the case." The motion to quash was denied. There was no doubt that the material involved was prepared by the Police Department in connection with the investigation and preparation of the cases, as the Judge recognized.

The People thereafter appealed the judgment of Mr. Justice LEFF and instituted the companion article 78 proceeding for prohibition, while counsel for Hopes moved to dismiss the

---

* The People specifically state that they are not raising as a contention the fact that counsel represent both parties in these two cases.

latter petition. A Justice of this court granted an interim stay of the judgment of Mr. Justice LEFF, and the court then held the motions in abeyance and consolidated the motions with the appeal, one Judge dissenting on the ground that the judgment of the Supreme Court directing that the material be turned over to the defendant Hopes, was not appealable.

Initially, we have found the material to be "exempt property". However, the problem of whether the judgment of October 1, 1976 is appealable requires further analysis.

There are two leading cases to be considered, *Matter of Cunningham v Nadjari* (39 NY2d 314), which permitted an appeal from a denial of a motion to quash a subpoena, and *Matter of State of New York v King* (36 NY2d 59), where, although it was held that the trial court had exceeded its power by increasing the number of peremptory challenges allowed to the defense, the Court of Appeals determined that prohibition would not lie. It should be reiterated that the subpoena for this material came during preparation for trial, and therefore we do not have the problem of interference with the course of the trial, which existed in *Matter of State of New York v King (supra).* Thus we are satisfied that under *Matter of Cunningham v Nadjari (supra),* an appeal lies from the denial of the motion to quash the subpoena in the circumstances of this case. It follows that prohibition does not lie. (CPLR 7801.)

Accordingly, the proceeding under CPLR article 78 in the nature of prohibition is dismissed without costs on the ground that another remedy is available, and on the appeal the judgment (denominated an order) is reversed on the law, and the motion to quash the subpoena duces tecum is granted, without costs.

MARKEWICH, J. P., LUPIANO, SILVERMAN and NUNEZ, JJ., concur.

Judgment (denominated an order), Supreme Court, New York County, entered on or about October 1, 1976, unanimously reversed, on the law, without costs and without disbursements, and the motion to quash the subpoena duces tecum is granted.

Application for an order, pursuant to CPLR article 78, in the nature of prohibition unanimously denied, and the cross motion granted only to the extent of dismissing the proceeding on the ground that another remedy is available.