OPINION OF THE COURT
Harold J. Rothwax, J.
This is an application pursuant to the Uniform Act to Compel the Attendance of Witnesses from Without the (demanding) State, enacted in CPL 640.10 (subd 2) and title 2A of New Jersey Statutes Annotated (§ 2A: 81-18 et seq.). The application is made upon the certificate of Judge William Arnold of the New Jersey Superior Court, Bergen County. Judge Arnold certifies that certain documents in the possession of Myron Farber, a newspaper reporter, and/or the New York Times are necessary and material to the defense of a criminal proceeding in Bergen County. Accordingly, Judge Arnold has invoked the process of this court to issue a subpoena duces tecum for such documents, returnable in Bergen County. There is no doubt that CPL 640.10 (subd 2) comprehends subpoenas duces tecum as well as subpoenas ad testificandum. (Matter of State of Washington v Harvey, 10 AD2d 691, app dsmd 8 NY2d 865.)
Respondents oppose the issuance of a subpoena on two grounds. First, respondents alleged, the certificate and supporting papers are insufficient as a matter of law to show the materiality and need for the documents in the Bergen County trial. By the terms of the statute, the certificate from the requesting State is prima facie evidence of the facts stated therein. (CPL 640.10, subd 2.) The court of the requesting State properly determines whether the witness or document sought is material. (People v McCartney, 38 NY2d 618, 621.) While the certificate and supporting affidavits must support the assertion of materiality, an application under the uniform act is entitled to full faith and credit in the absence of an abuse of discretion or evidence of arbitrariness by the issuing Judge (cf. People v McCartney, supra, p 623). This court finds that the certificate of Judge Arnold and the supporting affidavits establish a sufficient factual predicate for the finding of materiality and need. The documents requested consist of notes taken by respondent Farber in the course of interviews with persons who have subsequently testified for the prosecution in the Bergen County trial. Respondent Farber’s articles, based upon those interviews, led to the prosecution. Respon *888 dent Farber apparently co-operated closely with the prosecuting authorities and disclosed information previously unknown to them. The information sought is in the nature of Rosario material (People v Rosario, 9 NY2d 286, cert den 368 US 866). Respondents have not produced any evidence to rebut the prima facie validity of Judge Arnold’s findings. This court is cognizant of Judge Arnold’s familiarity with the issues involved in this case, over which he has presided through two years of preliminary hearings and 12 weeks of trial.
Respondents further oppose the requested subpoena on the grounds that compliance therewith would cause undue hardship by sacrificing their statutory newspapermen’s privilege under New York law (Civil Rights Law, § 79-h). Respondents contend that New York law offers broader privilege from disclosure of news sources than does New Jersey law. Even so, this court finds that no substantive right, constitutional or statutory, would be forfeited were respondents to submit to New Jersey’s jurisdiction. New Jersey courts are bound to allow full faith and credit to the laws of New York when necessary to protect the statutory entitlements of New York citizens. If the documents, as alleged, are privileged by virtue of New York law, then they are no less privileged in New Jersey than in New York. The certificate clearly contemplates a hearing in the New Jersey forum at which all issues of privilege, statutory and constitutional, may be raised. (Cf. State of Washington v Harvey, 10 AD2d 691, 692, supra.) In fact, respondent Farber has previously appeared in New Jersey, testified at a suppression hearing, and successfully invoked his privilege. The court also notes that, insofar as prosecution witnesses have testified that they discussed the case with respondent Farber, the confidentiality of these witnesses as news sources has been abridged and no privileged interest survives to be protected. (Cf. Branzburg v Hayes, 408 US 665, 695; see, also, State of Florida v Axelson, 80 Misc 2d 419, 420.) Accordingly, the court finds that no hardship will result from respondents’ compliance with a subpoena duces tecum returnable in Bergen County, New Jersey.