(June 14, 1978)

■ In the Matter of the SUPERIOR COURT OF NEW JERSEY. NEW YORK TIMES et al., Appellants; MARIO JASCALEVICH, Respondent.—Appeal from an order of the Supreme Court, New York County, entered June 2, 1978, directing the appellants to comply with a subpoena duces tecum returnable in Bergen County, New Jersey, dismissed as nonappealable, without costs and without disbursements. The court at Trial Term, pursuant to CPL 640.10 (Uniform act to secure the attendance of witnesses from without the State in criminal cases), directed the appellants to comply with a subpoena duces tecum returnable in Bergen County, New Jersey. CPL 640.10 is derived from a "uniform act" previously contained in section 618-a of the Code of the Criminal Procedure. In *Matter of State of Washington v Harvey* (10 AD2d 691), the appellant therein appealed from an order under section 618-a of the Code of Criminal Procedure directing him to appear with his records in the State of Washington. The Appellate Division affirmed with the caveat that the appealability of that order was gravely doubtful. The Court of Appeals, citing *Matter of Ryan (Hogan)* (306 NY 11, 18), dismissed the subsequent appeals and remitted that matter to the Appellate Division with directions to dismiss the appeal taken to that court (8 NY2d 865, cited with favor in *Matter of Santangello v People,* 38 NY2d 536, 540). While the Court of Appeals in *Washington* did not explicitly state the reason for the dismissal, it is clear from a reading of *Ryan (supra)* that the dismissal was predicated on the fact that an appeal did not lie from an order in a criminal proceeding directing compliance with a subpoena. (See, also, *Matter of Morgenthau v Hopes,* 55 AD2d 255, mot for lv to app dsmd 41 NY2d 1007.) Had we not dismissed this appeal, we would have affirmed on the opinion of the court at Trial Term. Concur—Murphy, P. J., Birns, Evans and Markewich, JJ.; Silverman, J., dissents in the following memorandum: I would reverse the order appealed from and deny the application. The order appealed from directs appellants the *New York Times* and Myron Farber to deliver the documents requested before Honorable William J. Arnold, a Judge of the Superior Court of New Jersey, Bergen County, for possible use in connection with a criminal trial there pending. Judge Arnold would decide whether the material is to be delivered to the defendant, the party who requested the documents. The order is issued pursuant to CPL 640.10, the "Uniform act to secure the attendance of witnesses from without the state in criminal cases." I think the order is appealable under the doctrine of *Matter of Cunningham v Madjari* (39 NY2d 314, 317). Appealability with respect to motions to vacate subpoenas apparently depends "upon the jurisdiction in which a proceeding is brought" i.e., civil or criminal. *(Matter of Ryan [Hogan],* 306 NY 11, 17.) This proceeding was brought in the Supreme Court, which has both civil and criminal jurisdiction. The proceeding was instituted by application to and order to show cause issued out of Special Term Part II of the Supreme Court, New York County, primarily a civil part. It was made returnable, presumably by the Justice presiding at Special Term, Part II, in Trial Term, Part 31, primarily a criminal part. And the decision appealed from was made in Trial Term, Part 35, primarily a criminal part. But all of these are parts of the Supreme Court. The statute provides that the New York court shall issue such a subpoena if after a hearing the New York Judge "determines that the witness is material and necessary" (CPL 640.10, subd 2). The burden of proof of materiality is on the parties seeking to obtain the benefit of the statute *(People v McCartney,* 38 NY2d 618, 622). While the certificate of the New Jersey court to that effect

is "prima facie evidence of all the facts stated therein" (CPL 640.10, subd 2), including the statement that the documents requested are necessary and material, the New York court is required by the statute to make an independent determination to that effect. I think that in this case the material requested is not material and necessary. The documents as described in the certificate "contain statements, pictures, memoranda, recordings and notes of interviews of witnesses for the defense and prosecution in the above proceeding as well as information delivered to the Bergen County Prosecutor's Office, and contractual information relating to the above. Specifically, the documents include a statement given to Mr. Farber by Lee Henderson of Whitmere, South Carolina and other witnesses and notes, memoranda, recordings, pictures and other writings in the possession, custody or control of The New York Times and/or Myron Farber." Apparently a long list of witnesses is attached to the application. So broad a subpoena would be quashed if issued in New York. With respect to the requirement of a showing to the requesting court of materiality and necessity under this statute, the Court of Appeals has said in *People v McCartney* (*supra,* p 622): "Unsupported statements that the witness is material or necessary are not sufficient to require the Trial Judge to grant an application under CPL 640.10 (subd 3). The party who seeks to secure the presence of an out-of-State witness should present evidence in the form of an affidavit of the witness or otherwise show that the testimony of the desired witness is material and necessary * * * and in respect of materiality, we think it must be demonstrated by the defendant that the testimony of the witness sought to be subpoened is relevant, admissible and of significance to his case. We do not think it unfair to impose upon a defendant such a burden because his right to secure witnesses must be balanced against the rights of the witness whose presence would be compelled. The process for securing the presence of an out-of-State witness has been termed 'drastic' because it represents an incursion upon the liberty of a prospective witness, who, although accused of no crime or wrongdoing, is required to attend a criminal proceeding in another State". New York has recognized a newspaperman's privilege with respect to disclosing "any news or the source of any such news", at least so far as it relates to contempt proceedings. (Civil Rights Law, § 79-h.) While the present proceeding is not a contempt proceeding, the existence of this statute seems to me to emphasize the importance of not permitting so broad a subpoena in the present case.