## (June 19, 1980)

THE STATE OF NEW JERSEY, Plaintiff, v PETER GEOGHEGAN, Defendant. CATHY THOMAS, Also Known as CATHY KRAMER, Appellant, v CARL A. VERGARI, as District Attorney of Westchester County, Respondent. In the Matter of CATHY KRAMER, Petitioner, v JOHN C. COUZENS, as a Judge of the County Court of Westchester County, et al., Respondents.—(1) Appeal from an order of the County Court, Westchester County, dated May 14, 1980, which, *inter alia,* directed Cathy Thomas, also known as Cathy Kramer, to appear before a Bergen County, New Jersey, Grand Jury pursuant to CPL 640.10 and (2) proceeding pursuant to CPLR article 78 to prohibit enforcement of the order dated May 14, 1980. Order affirmed, without costs or disbursements, CPLR article 78 proceeding dismissed, without costs or disbursements. The order appealed from, issued pursuant to CPL 640.10, the "Uniform Act to Secure Attendance of Witnesses From Without the State in Criminal Cases", directs appellant-petitioner to appear before a Bergen County, New Jersey, Grand Jury in connection with the investigation of a murder. The presence of appellant-petitioner, at a particular time and on a particular day, had been requested in a certificate issued by Benedict E. Lucchi, Judge of the Superior Court of New Jersey, Bergen County. Prior to the issuance of the order of the County Court directing the appearance of appellant-petitioner, a hearing was held pursuant to CPL 640.10 (subd 2) to determine whether she was a material and necessary witness and whether undue hardship would result if she was compelled to appear at the time and date set forth in the certificate of Judge Lucchi. At this hearing, the issue of undue hardship was withdrawn by counsel for appellant-petitioner, but the sufficiency of the facts contained in the underlying papers submitted by the State of New Jersey, insofar as they related to materiality and necessity, was vigorously attacked. The threshold issue before this court is whether

an appeal lies from the order compelling appearance before the New Jersey Grand Jury pursuant to CPL 640.10. We conclude that such an order is appealable. As a general rule, there is no appeal from an order arising out of a criminal proceeding absent a specific statutory provision. It is well established, however, that the denial or grant of a motion to quash a subpoena issued in the course of a criminal investigation is a final and appealable order (see *Matter of Cunningham v Nadjari,* 39 NY2d 314; *Matter of Santangello v People,* 38 NY2d 536). Such a subpoena is to be distinguished from a subpoena issued in the course of a pending trial; an order made on a motion to quash the latter is not appealable (see *Matter of Morgenthau v Hopes,* 55 AD2d 255, mot for lv to app dsmd "upon the ground that the order * * * was made in a criminal proceeding and no appeal lies therefrom" 41 NY2d 1007; *Matter of Superior Ct. of New Jersey [Jascalevich],* 63 AD2d 903). For the purposes of this review, the order compelling appearance was in effect a subpoena. The arguments made at the hearing by counsel for appellant-petitioner as to the materiality and necessity of his client's presence were essentially the same arguments as would have been raised on a motion to quash. Since the net result of an order denying a motion to quash is the same as that of an order compelling appearance, there is no rational reason for holding the former order appealable but the latter nonappealable. Since the order in question is appealable, it follows that CPLR article 78 relief does not lie (see CPLR 7801). Upon review, we find that the unrebutted factual statements contained in the certificate of Judge Lucchi constitute sufficient evidence of the materiality and necessity of appellant-petitioner's appearance. The burden of proof required by the statute has been satisfied (see *People v McCartney,* 38 NY2d 618) and the order appealed from must be affirmed. Hopkins, J. P., Titone, Mangano and Gulotta, JJ., concur.