■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NORMAUL BUSJIT, Also Known as NORMAN BUSJIT, Respondent, et al., Defendant. In the Matter of JOHN J. SANTUCCI, as District Attorney of the County of Queens, Petitioner, v SEYMOUR ROTKER, as Acting Justice of the Supreme Court, Queens County, et al., Respondents. — The People (1) appeal from stated portions of a judgment of the Supreme Court, Queens County (Rotker, J.), dated February 3, 1983, which, *inter alia,* denied their application to quash, vacate or modify three subpoenas duces tecum, and (2) petition pursuant to CPLR article 78 for a writ of prohibition barring the judicial enforcement of so much of the aforementioned judgment as directed the People "to turn over, disclose and provide to [the respondent Busjit] or his legal counsel, all police reports and the names of witnesses and informants * * * involved in the homicide which is the subject matter of" the underlying indictment. Busjit moves to dismiss the appeal, and both Busjit and respondent Rotker cross-move to dismiss the CPLR article 78 proceeding. Busjit's motion to dismiss the appeal from the judgment is granted to the extent of dismissing so much thereof as seeks review of the provision which granted his motion for disclosure and in all other respects, the motion is denied. Judgment modified, on the law, by permitting the People to redact the names and addresses of the witnesses and/or informants contained in the police reports, etc., demanded in the subpoenas duces tecum. As so modified,

judgment affirmed, insofar as appealed from, without costs or disbursements. Cross motions to dismiss the CPLR article 78 proceeding granted, proceeding dismissed, without costs or disbursements, and stay contained in the order to show cause dated February 9, 1983 vacated. The matter is before the court in an unusual procedural posture. The People, having been unsuccessful in their attempt to quash the subpoenas at Criminal Term, seek, both by direct appeal and by the commencement of an original CPLR article 78 proceeding in the nature of prohibition, to prevent the disclosure, *inter alia,* of their witnesses' names until the trial of the pending homicide indictment. A writ of prohibition will not lie, however, in a discovery dispute where the court has jurisdiction, or where the People have the remedy of an appeal (*Matter of Mulvaney v Dubin,* 55 NY2d 668; *Matter of Morgenthau v Hopes,* 55 AD2d 255; see, also, *Matter of Aspland v Judges of County Ct. of County of Suffolk,* 42 AD2d 930). Thus, the proceeding pursuant to CPLR article 78 must be dismissed. However, a judgment determining an application to quash a subpoena is appealable as a final determination in a special proceeding on the civil side of the court, notwithstanding the fact that it arises in the context of a pending criminal action (*Matter of Cunningham v Nadjari,* 39 NY2d 314; *Matter of Morgenthau v Hopes, supra*). The People concede, however, that the foregoing rationale does not apply to that portion of the judgment relating to Busjit's request for disclosure, and the appeal from that portion of the judgment as directs discovery therefore must be dismissed (see CPL 450.20). Nevertheless, we substantially disagree with Criminal Term's resolution of the dispute between the parties as to the disclosure of the witnesses' and/or informants' names. Busjit is to be tried for his alleged participation in the murder of a prosecution witness against him in a prior criminal matter. In seeking to quash the subpoenas, the People related the sensitive nature of the case, expressed their fears that disclosure at this time would jeopardize the lives of their witnesses, and indicated the basis for their belief. Under the circumstances, Criminal Term erred in refusing to quash the subpoenas. Accordingly, we modify the judgment so as to permit the redaction of the names and addresses of the witnesses and/or informants contained in the materials required to be produced pursuant to the subpoenas. We lack the necessary jurisdiction to alter Criminal Term's decision with regard to Busjit's discovery motion. Lazer, J. P., Gulotta, Brown and Boyers, JJ., concur.