# In Re: Summons of Director, Women Organized Against Rape

*Joseph W. Chupein, Jr.,* for plaintiff.
*Susan J. Cherner,* for appellant.

KELLY, *J.,* May 18, 1984—Kenneth Curry, a defendant charged with rape in Kings County, New York, petitioned this Court, under the Uniform Act to Secure the Attendance of Witnesses from Within or Without a State in Criminal Proceedings, 42 Pa. C.S. §5961 et seq., to direct the Director of Women Against Rape of Delaware County to appear before the Supreme Court of New York. Justice Thomas Demakos of the New York Supreme Court certified to this Court that the Director of Women Against Rape of Delaware County is a material witness in the criminal prosecution pending against Kenneth Curry.

The Uniform Act states that "If a Judge of a court of record in any state . . . certifies . . . that there is a criminal prosecution pending in such court . . . [and] that a person being within this Common-

wealth is a material witness in such prosecution" a Pennsylvania Court must hold a hearing. The Pennsylvania Court is to direct the witness "to attend and testify in the court where the prosecution is pending" if at the hearing "the Judge determines that the witness is material and necessary, that it will not cause undue hardship on the witness to be compelled to attend and testify" and that the demanding state has a law similar to the Uniform Act. The Act further states that "the certificate shall be prima facie evidence of all the facts stated therein."

In this case the only fact established at the hearing held on April 2, 1984 is that Women Against Rape of Delaware County qualifies as a rape crisis center under 42 Pa. C.S. §5945.1. There was nothing introduced on which to base a holding that the witness was not material or not necessary or that compelling the witness to go to New York would cause undue hardship.

The only argument advanced by the Respondent was that the Director of Women Against Rape is entitled to the privilege not to be called to testify granted to sexual assault counsellors by 42 Pa. C.S. §5945.1, and that because this statute was passed after the Uniform Act it takes precedence over that act. Therefore, those claiming the privilege of sexual assault counsellors are not to be considered covered by the Uniform Act. Any other arguments in support of respondent's position have been waived. Commonwealth v. Mitchell, 464 Pa. 117, 125-26, 346 A.2d 48, 53 (1975).

The issue to be decided here is whether a witness whose presence in another state is sought under the Uniform Act and who claims a privilege not to testify, should assert that privilege in the state that is the cite of the criminal proceedings or in the state of the witness's domicile. It would be an anomalous

and unsatisfactory result to hold that those potential witnesses claiming a privilege that originated before the Uniform Act was passed would have to assert that privilege in the demanding state, while those claiming a privilege originating after that time would be immune from the act. Respondent argues that because the statute granting the privilege was passed after the Uniform Act, our legislature must be presumed to have been aware that in enacting the privilege it was, in effect, "repealing" the previous statute as it applied to people claiming the privilege of sexual assault counsellors. However, these statutes are to be read as consistent, because they are not, "so utterly repugnant and irreconcilable as to render it impossible for both to consistently stand together." Consumers Education and Protective Association v. Schwartz, 594 Pa. 10, 23, 432 A.2d 173, 180 (1981) quoting Kelly v. Philadelphia, 382 Pa. 459, 472, 115 A.2d 238, 244 (1955).

The question of where a privilege not to testify should be asserted under the Uniform Act has not been addressed by the appellate court of Pennsylvania. However, if it were the intention of the legislation that those claiming privileges should not have to appear in the out of state courts, the legislature could have stated that this issue was to be decided at the hearing with the four issues set forth in the act as reasons not to direct the potential witness to appear.

The question of where a potential witness should present a claim of privilege was decided in New York in the case of In Re Superior Court of New Jersey, 94 Misc.2d 886, 405 N.Y. Supp.2d 989, affirmed 63 A.D.2d 903, 406 N.Y. Supp.2d 69 (1978), interpreting a statute almost identical to Pennsylvania's. In that case the Superior Court of New Jersey

was trying to compel Myron Farber, a reporter for the New York Times, to appear before it regarding a murder prosecution. The newspaper reporter argued that since New York had a statute giving newspaper reporters a privilege from disclosure of news sources and New Jersey did not, directing him to appear before the New Jersey Court would be an undue hardship. The New York Court held that this was not an undue hardship.* See also, In re Pitman, 26 Misc.2d 332, 201 N.Y. Supp.2d 332 (1960).

In Re Superior Court of New Jersey, supra, is also precedent for the proposition that the Respondent will have the opportunity to assert her privilege using the law of Pennsylvania in the New York forum.

For all of the above reasons the Director of Women Against Rape of Delaware County was directed to appear in the Supreme Court of the State of New York, in and for the County of Kings.

---

* It may be noted here that respondent in the case at bar does not argue that there exists an undue hardship under the Uniform Act. Rather, respondent argues that the Uniform Act does not apply because of the claim of sexual assault counsellor's privilege.