■ H & R HATS AND NOVELTIES, INC., Respondent, v CITIBANK, N. A., Defendant, and GRAHAM & JAMES et al., Appellants. — Order of the Supreme Court, New York County (Arnold Guy Fraiman, J.), entered April 28, 1983, which denied the motion of defendant Graham & James, Esqs., to dismiss the amended complaint for failure to state a cause of action pursuant to CPLR 3211 (subd [a], par 7) is unanimously modified, on the law and without costs, to strike the demand for punitive damages from the prayer for relief, and is otherwise affirmed. ¶ Special Term, in treating the motion of the defendant Graham & James, Esqs., as a motion pursuant to CPLR 3211 (subd [a], par 7) to dismiss for failure to state a cause of action, correctly determined that the allegations of the complaint are deemed to be true for purposes of such motion. That being the case, it is clear that the amended complaint states a cause of action against Graham & James. (Foley v D'Agostino, 21 AD2d 60; Sanders v Winship, 57 NY2d 391; Morone v Morone, 50 NY2d 481.) However, there is nothing alleged in this complaint that would justify an award of punitive damages. ¶ Punitive damages ordinarily may be awarded only "in cases where the wrong complained of is morally culpable, or is actuated by evil or reprehensible motives, not only to punish the defendant, but to deter him, as well as others who might otherwise be so prompted, from indulging in similar conduct in the future." (Walker v Sheldon, 10 NY2d 401, 404.) Moreover, punitive damages generally are not recoverable where the alleged wrong was a private wrong as opposed to one aimed at the public generally (Garrity v Lyle Stuart, Inc., 40 NY2d 354). None of these circumstances is here present. Therefore, the demand for such damages should be stricken. Concur — Ross, J. P., Fein, Lynch, Milonas and Alexander, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v HECTOR SANTOS, Respondent-Appellant. — Cross appeals from an order of the Supreme Court, Bronx County (Joseph Cohen, J.), entered on August 23, 1982, and as amended on October 22, 1982, dismissed as nonappealable. (See Matter of Morgenthau v Hopes, 41 NY2d 1007, mot for rearg den 42 NY2d 825.) Concur — Sandler, J. P., Sullivan, Carro and Milonas, JJ.

Silverman, J., dissents in a memorandum as follows: I would not dismiss the appeal but would consider and decide the merits of the appeal. ¶ At least until the dismissal of the motion for leave to appeal in Matter of Morgenthau v Hopes (41 NY2d 1007), it appeared to be the well-established rule reiterated one year before the Hopes decision that "orders granting or denying motions to quash subpoenas in criminal investigations and actions" were directly appealable as "final orders in special proceedings on the civil side of a court vested with civil jurisdiction." (Matter of Cunningham v Nadjari, 39 NY2d 314, 317.) I doubt that the Court of Appeals cryptic memorandum in the Hopes case was intended to overrule this line of authority. Even after the Hopes decision, the Court of Appeals, two weeks before the present appeal was argued, referred again to "this court's view that a motion to quash subpoenas, even those issued pursuant to a criminal investigation, is civil by nature and not subject to the rule restricting direct appellate review of orders in criminal proceedings." (Matter of Abrams [Anonymous], 62 NY2d 183, 192.) ¶ As the majority of this court is dismissing the appeal without passing on the merits, no useful purpose would be served by my discussing the merits.