■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARJORIE JOHNSON, Appellant. SERVICE MERCHANDISE, INC., Nonparty Respondent. — Appeal by defendant from an order of the County Court, Westchester County (Cowhey, J.), dated October 17, 1983, which granted Service Merchandise, Inc.'s motion to quash a subpoena duces tecum issued by defendant. ¶ Appeal dismissed, without costs or disbursements. ¶ As a general rule no appeal lies from an order arising out of a criminal proceeding absent a specific statutory provision. However, the denial or grant of a motion to quash a Grand Jury subpoena, i.e., a subpoena issued in the course of a criminal investigation, is a

final and appealable order (see *Matter of Cunningham v Nadjari,* 39 NY2d 314; *Matter of Santangello v People,* 38 NY2d 536; *Matter of Boikess v Aspland,* 24 AD2d 136, 138-139; see, also, *Matter of Abrams [John Anonymous],* 62 NY2d 183). Since criminal charges may never be filed, the motion to quash a subpoena issued in a criminal investigation is construed as civil in nature and the order disposing of said motion is deemed to have been made in a special proceeding on the civil side of the court (see *Matter of Cunningham v Nadjari, supra; Matter of Abrams, supra),* provided the court possesses both criminal and, at least limited, civil jurisdiction (see *Matter of Ryan [Hogan],* 306 NY 11). Such a subpoena is to be distinguished from a subpoena issued after a criminal action (CPL 1.20, subd 16) has been commenced (CPL 1.20, subd 17), directing the production of information to aid in the prosecution or defense of a pending criminal trial. A motion to quash a subpoena issued in the course of a criminal action is a proceeding criminal in nature. With respect to the immediate parties to the underlying criminal action, the propriety of an order disposing of such a motion to quash can be resolved on the direct appeal from any resulting judgment of conviction (see *People v Marin,* 86 AD2d 40). Therefore, an order made on a motion to quash a subpoena issued after a criminal action has been commenced and in preparation for trial is not appealable by either of the immediate parties to the underlying criminal action (see *Matter of Morgenthau v Hopes,* 55 AD2d 255, mot for lv to app dsmd "upon the ground that the order * * * was made in a criminal proceeding and no appeal lies therefrom" 41 NY2d 1007; *People v Santos,* 102 AD2d 742; *People v Marin, supra; State of New Jersey v Geoghegan,* 76 AD2d 894). Such an order is final and appealable only by a third party aggrieved thereby *(People v Marin, supra).* To the extent that the holding in *People v Busjit* (96 AD2d 858) is to the contrary, it is overruled. ¶ Since appellant is the defendant in the pending criminal action out of which the subpoena was issued and Service Merchandise, Inc., the third party, is not aggrieved by the order which granted its motion to quash the subpoena, said order is not appealable. Had we not dismissed this appeal, we would have affirmed the order. Mollen, P. J., Gibbons, Thompson and Rubin, JJ., concur.