OPINION OF THE COURT
 

 Memorandum.
 

 The appeal should be dismissed.
 

 In May 1982, defendant was indicted for the criminal sale and possession of controlled substances. Thereafter, on application by defendant, the Supreme Court issued a subpoena duces tecum seeking routine police department reports concerning the crime with which he was charged. The District Attorney moved to quash the subpoena on the ground that the reports were not discoverable. The court denied the motion to quash but held that the names and addresses of witnesses are not discoverable as a matter of right and are discoverable only upon a clear showing of special circumstances. The People appealed to the Appellate Division from so much of the Supreme Court’s order as denied the motion to quash the subpoena duces tecum.
 

 Defendant cross-appealed from that portion of the court’s order which redacted the name of witnesses from the police reports. The Appellate Division dismissed the cross appeals as nonappealable and cited
 
 Matter of Morgenthau v Hopes
 
 (41 NY2d 1007, rearg den 42 NY2d 825).
 

 
 *704
 
 As a rule, no appeal lies from an order arising out of a criminal proceeding absent specific statutory authorization (CPL 1.10;
 
 Matter of State of New York v King,
 
 36 NY2d 59;
 
 Matter of Ryan [Hogan],
 
 306 NY 11). An order denying or granting a motion to quash a subpoena issued in the course of a criminal investigation, prior to the commencement of a criminal action, may be appealable when issued by a court vested with civil jurisdiction
 
 (Matter of Abrams [John Anonymous],
 
 62 NY2d 183). Such an order arises out of a special proceeding on the civil side of the court (see, e.g.,
 
 Matter of Cunningham v Nadjari,
 
 39 NY2d 314). But an order determining a motion to quash a subpoena for the production of police reports, issued in the course of prosecution of a criminal action (CPL 1.20, subd 16), arises out of a criminal proceeding (CPL 1.20, subd 18; see
 
 Matter of Morgenthau v Hopes,
 
 41 NY2d 1007, rearg den 42 NY2d 825,
 
 supra)
 
 for which no direct appellate review is authorized (CPL 450.10, 450.20, 450.90). An appeal from an Appellate Division order dismissing a criminal appeal on the law may be taken only by permission of a Judge of the Court of Appeals, acting pursuant to CPL 470.60 (subd 3). There having been no such permission, this appeal must be dismissed.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), appeal dismissed in a memorandum.