(June 21, 1985)

In the Matter of GRAND JURY SUBPOENA No. 2573/85. SUMMERS G., by WILLIAM LUPO, Guardian ad Litem, Appellant; ELIZABETH HOLTZMAN, Respondent. — Appeal from an order of the Supreme Court, Kings County (Meyerson, J.), dated May 20, 1985, which denied an application to quash a Grand Jury subpoena.

Order affirmed, without costs or disbursements.

At the outset, we note that while an order determining an application to quash a subpoena relating to a criminal proceeding which was issued after the commencement of the criminal action (CPL 1.20 [17]) is not directly appealable by the immediate parties to that criminal action (*People v Santos,* 64 NY2d 702; *cf. Matter of Morgenthau v Hopes,* 55 AD2d 255, *lv dismissed* 41 NY2d 1007), where, as here, the individual seeking appellate review of the order is not a party to the underlying criminal action, the order is final and appealable as to that individual (*People v Johnson,* 103 AD2d 754; *People v Marin,* 86 AD2d 40).

We conclude that the appellant's application to quash the Grand Jury subpoena based on the existence of an alleged parent/child privilege is premature. A witness cannot raise the issue of privilege until he or she actually appears and is questioned (*Matter of Cunningham v Nadjari,* 39 NY2d 314; *Matter of A. & M.,* 61 AD2d 425). Accordingly, the application to quash the Grand Jury subpoena was properly denied. We note that a guardian ad litem should be appointed to represent the child in any further proceedings. Brown, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.