*1029 OPINION OF THE COURT
Per Curiam.
Appeal from order entered August 14, 1990 dismissed as nonappealable.
On application of the defendants in 10 pending criminal actions, subpoenas duces tecum were issued ex parte in Criminal Court seeking arrest photographs and routine police department reports concerning the charged crimes. Appellant, the New York City Police Department, moved to quash the subpoenas on the ground that the reports were not discoverable. Criminal Court denied the motion to quash (148 Misc 2d 260), and the Police Department now purports to appeal from that determination.
People v Santos (64 NY2d 702) is controlling in the circumstances present and requires dismissal of the appeal. In People v Santos (supra), Supreme Court, Criminal Term denied the pretrial motion of the District Attorney to quash a subpoena duces tecum requiring the production of routine police department reports, but redacted the names of witnesses. The respective cross appeals taken therefrom by the District Attorney and the defendant were dismissed as nonappealable by the Appellate Division, First Department (People v Santos, 102 AD2d 742). The Court of Appeals unanimously affirmed the order of dismissal, and stated the applicable rule as follows (People v Santos, 64 NY2d 702, 704): "An order denying or granting a motion to quash a subpoena issued in the course of a criminal investigation, prior to the commencement of a criminal action, may be appealable when issued by a court vested with civil jurisdiction (Matter of Abrams [John Anonymous], 62 NY2d 183). Such an order arises out of a special proceeding on the civil side of the court (see, e.g., Matter of Cunningham v Nadjari, 39 NY2d 314). But an order determining a motion to quash a subpoena for the production of police reports, issued in the course of prosecution of a criminal action (CPL 1.20, subd 16), arises out of a criminal proceeding (CPL 1.20, subd 18; see Matter of Morgenthau v Hopes, 41 NY2d 1007, rearg den 42 NY2d 825 * * *) for which no direct appellate review is authorized”.
That the within appeal is pursued not by the District Attorney, which took the main appeal in Santos (supra), but rather by the Police Department, is a distinction without a difference which can provide no basis for us to entertain this appeal where none otherwise exists. Citing to People v Marin *1030 (86 AD2d 40), a case decided prior to Santos, appellant argues that a "nonparty” to a criminal action in which a subpoena is issued may properly pursue a direct appeal from an order determining a motion to quash. Assuming the continued validity of that legal premise, the self-styled description of the Police Department as a "nonparty” to the underlying criminal actions here involved is factually inapt. It has been recognized in a similar context that the Police Department and the prosecutor, although separate autonomous agencies, "are interrelated since each entity operates as a necessary part of the whole of the criminal justice system” (Matter of Rochester Police Dept. v Bergin, 68 AD2d 340, 343). Each agency " 'must work together through liaison, co-operation and constructive joint effort’ * * * [with] the police ordinarily * * * bound to co-operate by furnishing to the prosecutor whatever evidence and records within the police department’s possession relate to a crime being prosecuted” (supra, at 343). Given this reality, no reason appears why the Police Department should be accorded the right of appeal that was pointedly denied in Santos to its close cousin, the District Attorney. In the absence of any specific statutory authorization (CPL 450.20) this prosecution-related appeal, arising out of criminal, not civil, proceedings, must be dismissed (People v Santos, supra).
Ostrau, P. J., Riccobono and Miller, JJ., concur.