OPINION OF THE COURT
Memorandum.
Appeal unanimously dismissed.
*686 An order determining a motion to quash a subpoena issued in the course of the prosecution of a criminal action arises out of a criminal proceeding for which no direct appellate review is authorized (People v Santos, 64 NY2d 702). This rule, however, applies only to the parties to the underlying criminal action. A nonparty to the action may take an appeal since the order is final as to that individual or entity (see, Matter of Grand Jury Subpoena No. 2573/85, 111 AD2d 891, lv denied 65 NY2d 606; People v Johnson, 103 AD2d 754).
In the case at bar, the appellant is the New York State Police, an agency of the Executive Department of the State (Executive Law § 210). Where a State agency is a party to an action, it is the State which is the real party in interest (Matter of Hongisto v Mercure, 72 AD2d 850; 21 Carmody-Wait 2d, NY Prac § 126:111, at 595). Thus, in view of the State Police Division’s relationship to the State of New York, appellant is a party to the criminal proceeding and no appeal may be taken from the instant order denying the motion to quash the subpoena (People v Rivera, NYLJ, May 28, 1987, at 12, col 6 [App Term, 9th & 10th Jud Dists]).
DiPaola, P. J., Ingrassia and Levitt, JJ., concur.