OPINION OF THE COURT
Evelyn J. Laporte, J.
The defendant, Ray Duran, is charged with sexual misconduct (Penal Law § 130.20 [1]); attempted sexual misconduct (Penal Law §§ 110.00, 130.20 [1]); forcible touching (Penal Law § 130.52); sexual abuse in the third degree (Penal Law § 130.55); attempted sexual abuse in the third degree (Penal Law §§ 110.00, 130.55); petit larceny (Penal Law § 155.25); criminal possession of stolen property in the fifth degree (Penal Law § 165.40); and endangering the welfare of a child (Penal Law § 260.10 [1]). This court previously signed a subpoena duces tecum for the production of surveillance tapes by the New York City Police Department (NYPD). The NYPD now moves to quash that subpoena. The defendant opposes the quashal of the subpoena.
The Subpoena
The subpoena demands the following from the NYPD:
“Provide any and all video surveillance images of the front entrance, including but not limited to the lobby, showing individual(s) entering and exiting 452 Marcy Avenue, Brooklyn, New York 11206 on October 27, 2010 between the hours of 1:00 p.m.-4:00 p.m.
“Provide any and all video surveillance images of the fifth floor hallway of 452 Marcy Avenue, Brooklyn, New York 11206 on October 27, 2010 between the hours of 1:00 p.m.-4:00 p.m.
“Provide any and all records, including but not limited to logbook or sign-in sheet for guests and visitors, for apartment 5A of 452 Marcy Avenue, Brooklyn, New York 11206 on October 27, 2010.”
*227 Background
These charges arise from an incident that occurred inside of 452 Marcy Avenue in Kings County, New York State, which is a public housing structure. The information alleges that on October 27, 2010, at approximately 12:00 p.m., defendant took complainant’s iPod without her permission; he then proceeded to repeatedly grab the complainant’s breasts and attempted to place his penis inside of the complainant’s vagina. The complaint also alleges that the defendant ignored the complainant’s pleas to stop and pushed her down, attempting to insert his penis into her mouth. It is further alleged that the complainant was 14 years of age at the time of this event.
Nonparty New York City Police Department moves to quash the above-described judicial subpoena duces tecum (CPLR 2304), issued on behalf of the defendant.
Arguments
In support of the motion to quash, the NYPD contends that
(1) the defendant failed to comply with CPLR 2307 by giving the NYPD at least one day’s notice of the motion for the subpoena prior to its issuance, and (2) the court cannot allow a criminal defendant to circumvent the applicable provisions of CPL 240.20 and 240.40 by the means of a subpoena.
CPLR 2307 provides that a defendant wishing to serve a judicial subpoena duces tecum on any governmental agency must afford the People at least one day’s notice to object to the issuance of the subpoena on legitimate grounds. The purpose of this one-day period is to adequately afford the People and the NYPD an opportunity to make an application to prevent the inappropriate disclosure of any subpoenaed material. (People v Miranda, 115 Misc 2d 533 [Sup Ct, Bronx County 1982], appeal dismissed sub nom. People v Santos, 102 AD2d 742 [1984], appeal dismissed 64 NY2d 702 [1984].) However, the court finds that this contention is rendered moot by the very fact that the NYPD has taken advantage of a full and fair opportunity to oppose this subpoena duces tecum via the instant motion to quash.
The movant further contends that a defendant cannot invoke the court’s subpoena power to obtain property whose procurement is regulated by the rules governing discovery.
A subpoena duces tecum is a process of a court (CPL 610.10 [2] ; People v Natal, 75 NY2d 379 [1990]) requiring that a witness “bring with him and produce specified physical evidence” *228 (CPL 610.10 [3]; see also CPLR 2301 [“subpoena duces tecum requires production of books, papers and other things”]). When such a subpoena is directed to any department, bureau or agency of the State, or of a political subdivision thereof, it may be issued on behalf of a defendant only upon order of a court (CPL 610.20 [3]; CPLR 2307).
While a defendant cannot use a subpoena as a means to circumvent the discovery statutes (see Matter of Terry D., 81 NY2d 1042 [1993]), there are some items, such as the New York City Housing Authority videotapes that are sought here, that are in the possession of the New York City Police Department and certainly can be the subject of a valid subpoena. The discovery and subpoena articles of the Criminal Procedure Law each serve different purposes, and are governed by different standards. The discovery provisions under CPL article 240 are meant to control the right of the defendant to ascertain certain information that is in the possession of the People. Some of this information must be disclosed within a specified period of time following the defendant’s arraignment on an accusatory instrument (CPL 240.20 [1] [a]-[k]; 240.80). Other information must be disclosed at a pretrial hearing (CPL 240.44), and some other information must be disclosed before the People’s opening statement at trial (CPL 240.45 [1]; People v Rosario, 9 NY2d 286 [1961]).
By contrast, a subpoena enables the defendant to obtain evidence relevant to the issues that are material to the trial itself, despite the fact that the entity (such as the NYPD in this case) that possesses the material is not a party to a criminal action being prosecuted by the District Attorney. (See People v Bagley, 279 AD2d 426, 426 [1st Dept 2001]; see also County Law § 700 [1] [police reports are among the quintessential material required to be obtained, and disclosed, by the People at the statutorily mandated time]; see also Rosario, supra; CPL 240.44 [1] [the People must disclose “(a)ny written or recorded statement,” made by a witness called or intended to be called, “which relates to the subject matter of the witness’s testimony”]; 240.45 [1] [a] [same].) Also discoverable are other items routinely generated by the police including reports concerning physical examinations or scientific tests (CPL 240.20 [1] [c]), photographs (CPL 240.20 [1] [d]), and documents containing exculpatory information (CPL 240.20 [1] [h]; Brady v Maryland, 373 US 83 [1963]).
Although trial courts can neither broaden the scope of material subject to disclosure (People v Colavito, 87 NY2d 423 [1996]) *229 nor require that such material be provided earlier than statutorily mandated (Matter of Catterson v Rohl, 202 AD2d 420 [2d Dept 1994] [court may not order that Rosario material be provided prior to trial]; Matter of Hynes v Cirigliano, 180 AD2d 659 [2d Dept 1992] [no right to discovery prior to indictment]), a defendant “cannot use the procedural mechanism of a subpoena duces tecum to expand the discovery available under existing law” (Matter of Terry D., 81 NY2d at 1045).
A defendant typically seeks to review police reports in order to find out whether impeachment materials, or leads to potential defense evidence, exist. But a defense subpoena duces tecum may not properly be used merely as a discovery tool “to ascertain the existence of evidence” (Matter of Terry D. at 1045). Rather, its proper function is to enable the defendant to obtain actual evidence that he hopes to use to challenge the People’s case at trial (see id.; Matter of Constantine v Leto, 157 AD2d 376, 378 [3d Dept 1990] [“purpose is to compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding” (internal quotation marks omitted)]). Accordingly, since routine police reports are generally subject to discovery, the defense may not obtain them by means of subpoena, absent the proffer of “a factual predicate to support the contention that the documents sought in the subpoena will bear relevant and exculpatory evidence” (People v Bagley, 279 AD2d 426, 426 [1st Dept 2001]).
But in this case, defendant Ray Duran is not seeking to subpoena routine police reports created in connection with the investigation of the case. Instead, defendant Duran is seeking to obtain surveillance tapes depicting the very incident giving rise to the criminal charges in this case. These police records are properly subject to subpoena because, here, the defendant established that the solicited data is “relevant and material to the determination of guilt or innocence,” and not sought solely in the speculative hope of finding possible “impeachment of witnesses’ general credibility” (People v Gissendanner, 48 NY2d 543, 548 [1979]).
The surveillance tapes at issue in the instant matter would provide a visual account of the actual events alleged to constitute the crimes charged against the defendant in this case. Hence, they are relevant and material to the defendant’s guilt or innocence, and therefore “the quest for [their] contents is not merely a desperate grasping at a straw” (Gissendanner at 550).
*230 Conclusion
This court finds that this subpoena in question is not being used in “an attempt to conduct a fishing expedition” (Gissendanner at 547 [internal quotation marks omitted]). The accusatory information here allegés that defendant Ray Duran engaged in the charged conduct “at about 12:00 p.m.” This subpoena seeks only those tapes portraying events during that same afternoon, at a relevant time and place: the lobby and fifth floor hallway of “452 Marcy Avenue, Brooklyn, New York 11206 on October 27, 2010 between the hours of 1:00 p.m.-4:00 p.m.” The subpoena also seeks any visitor’s sign-in sheet that may have existed for the building on that date. The sign-in log, while it will not provide any statements made by any particular people or witnesses, is likely to show the identity of anyone who entered the building at the time in question — also a relevant issue in this case.
Finally, the tapes and visitor’s log are not “otherwise procurable reasonably in advance of trial by exercise of due diligence” (United States v Nixon, 418 US 683, 699 [1974]; see also Constantine at 379 [“material exculpatory evidence unavailable from other sources”]). That is because first, since they contain no statements of a witness, these video tapes are not Rosario material. And second, unless the People intend to introduce them at trial, they are not discoverable under CPL 240.20 (1) (g) (tapes or other electronic recordings).
Thus, inasmuch as these surveillance tapes and visitor’s log comprise specific evidence relevant and material to his guilt or innocence in this case, defendant is entitled to obtain them by this subpoena duces tecum.
Accordingly, the motion to quash must be denied.
Order
The New York City Police Department is hereby directed to comply with the subpoena and to provide the materials enumerated in the subpoena no later than Monday, April 18, 2011. The NYPD is further directed to provide this court with an affidavit of compliance with this order no later than Friday, April 22, 2011.