Appeal from order, Supreme Court, New York County (Jill Konviser, J.), entered on or about September 11, 2012, which denied resentencing under Correction Law § 601-d, unanimously dismissed, as taken from a nonappealable order.
*578 Citing double jeopardy concerns, the court declined to add postrelease supervision to defendant’s original sentence. Defendant, who asserts that he would derive certain benefits from being resentenced, argues that he should still be resentenced to his original prison term, without adding PRS. Since this appeal was not taken from a sentence or a resentence, but rather, from the denial of resentencing, it must be dismissed (see People v Pagan, 19 NY3d 368 [2012]; People v De Jesus, 54 NY2d 447 [1981]). “[N]o appeal lies from an order arising out of a criminal proceeding absent specific statutory authorization” (People v Santos, 64 NY2d 702, 704 [1984]).
Defendant’s further contention that he should be permitted to withdraw his plea of guilty is not properly before this Court.
Concur—Tom, J.P, Sweeny, Saxe, Román and Feinman, JJ.