■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DEPALO et al., Appellants, et al., Defendant. [46 NYS3d 870]—

Appeal from order, Supreme Court, New York County (Ronald A. Zweibel, J.), entered on or about August 16, 2016, which denied defendants' motion for issuance of letters rogatory seeking the assistance of judicial authorities in the United Kingdom in the conduct of discovery there, unanimously dismissed, as taken from a nonappealable order.

In this matter where an indictment has been filed, a criminal trial is pending, and defendants seek information via letters rogatory for use at their criminal trial, the denial of the application for such letters is part of the criminal proceeding, notwithstanding that the application was brought under CPLR 3108 (*see People v Santos*, 64 NY2d 702, 704 [1984]; *People v Christopher B.*, 102 AD3d 115, 117-120 [1st Dept 2012], *lv denied* 20 NY3d 860 [2013]; *People v Johnson*, 103 AD2d 754, 755 [2d Dept 1984]; *compare Matter of Abrams [John Anonymous]*, 62 NY2d 183, 192 [1984] [denial of motion to quash preindictment subpoena "issued pursuant to a criminal investigation, is civil by nature and not subject to the rule restricting direct appellate review of orders in criminal proceedings"]).

"It is well established that no appeal lies from a determination made in a criminal proceeding unless specifically provided for by statute" (*People v Pagan*, 19 NY3d 368, 370 [2012] [internal quotation marks omitted]). The order appealed from is not a disposition listed in CPL 450.10 or 450.15, and is therefore not an appealable paper (*see People v Hurley*, 47 AD3d 488 [1st Dept 2008]). A "defendant may only appeal after conviction" (*People v Coppa*, 45 NY2d 244, 249 [1978]), and may not obtain an interlocutory appeal by claiming to invoke the court's civil jurisdiction. Concur—Friedman, J.P., Andrias, Moskowitz, Kapnick and Kahn, JJ.