People v Brois (2022 NY Slip Op 01274)





People v Brois


2022 NY Slip Op 01274


Decided on March 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 01, 2022

Before: Gische, J.P., Oing, Kennedy, Mendez, Shulman, JJ. 


Ind. No. 4617/17 Appeal No. 15401-15401A-15401B Case No. 2019-05028 

[*1]The People of the State of New York, Respondent,
v
Brandon Brois, Defendant-Appellant.


Stanley Cohen & Associates, Jeffersonville (Stanley L. Cohen of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.



Judgment, Supreme Court, New York County (Steven M. Statsinger, J.), rendered June 7, 2019, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of two years, and orders, same court and Justice, entered on or about June 11 and July 31, 2019, which denied, respectively, defendant's CPL 440.10 motion to vacate the judgment and his motion for reargument and renewal, unanimously affirmed.
The court providently exercised its discretion in summarily denying defendant's motion to vacate the judgment. Defendant's ineffective assistance claim is premised on the argument that his counsel unreasonably advised him to plead guilty before proceeding with the suppression hearing, which had been granted as a result of defendant's omnibus motion. Defendant contends that his suppression motion was meritorious and there was no risk of losing the People's plea offer by proceeding with the hearing.
Defendant failed to meet his burden of establishing, with sworn allegations, an issue of fact that would warrant a hearing (see CPL 440.30[4][b]; People v Delorbe, 35 NY3d 112, 121 [2020]). The affidavits of defendant and his parents inaccurately stated that prior counsel never filed any suppression motion and they did not allege that defendant pleaded guilty based on the advice of prior counsel to forgo a suppression hearing, as would be necessary to support a claim that counsel's advice constituted ineffective assistance. Additionally, defendant failed to provide an affirmation from former counsel explaining the circumstances at the time defendant pleaded guilty or strategic considerations for pleading guilty before the suppression hearing. Nor did defendant explain the lack of such an affirmation (see People v Wright, 27 NY3d 516, 522 [2016]). There was also no evidence to support defendant's claim that the plea offer would remain open after a suppression hearing.
Nevertheless, the record supports the conclusion that it was objectively reasonable, and not prejudicial, for counsel to forgo a suppression hearing in order to obtain a favorable disposition for his client.
The order denying defendant's motion to reargue or renew his 440.10 motion is not appealable (see People v Cooper, 154 AD2d 612, 613 [2d Dept 1989]; see also People v Pagan, 19 NY3d 368, 370 [2012]; People v DePalo, 147 AD3d 633 [1st Dept 2017]). Even if the motion can be treated as a separate, subsequent CPL 440.10 motion (see Wright, 27 NY3d at 522; People v Session, 34 NY2d 254, 256 [1974]), and deemed
appealable on that basis, we find that the motion was properly denied.
We have considered and rejected defendant's remaining arguments.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 1, 2022